James **CHANDLER**, Jr.,
Petitioner–Appellee,

v.

Robert J. **BARNCASTLE**, Warden, et al., Respondents–Appellants.

No. 90–1047.

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 1990.

---

Robert L. Webster, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for Barncastle, et al.

Danny D. Burns, Ft. Worth, Tex., for James Chandler, Jr.

James J. Chandler, Jr., Seagoville, Tex., pro se.

Before WISDOM, GARWOOD, and JOLLY, Circuit Judges.

WISDOM, Circuit Judge:

The United States appeals from an order of the United States District Court for the Northern District of Texas granting appellee James Chandler, Jr.'s petition for habeas corpus under 28 U.S.C. § 2241. The district court held that a parole violator warrant issued by the United States Parole Commission against Chandler had been validly executed and that no special circumstances existed which would authorize the Parole Commission to withdraw the violator warrant. We follow *McConnell v. Martin*, 896 F.2d 441 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 167, 112 L.Ed.2d 131 (1990), and hold that the attempted execution of the parole violator warrant was contrary to its terms and unauthorized, and therefore it was invalid. Consequently, the Parole Commission had the authority to release Chandler from the custody of the warrant, have the warrant replaced as a detainer against him, and suspend the running of his parole violator term. We REVERSE.

## FACTUAL BACKGROUND

On October 18, 1979, James Chandler Jr. was paroled from a fifteen year sentence, later reduced to twelve years, for the distribution of heroin and for conspiracy to distribute heroin.

On June 29, 1982, the Parole Commission issued a parole violator warrant for Chandler. The warrant application alleged that Chandler had repeatedly tested positive for drugs, had failed to participate in a drug aftercare program, and had committed two thefts, with which he had been charged in criminal court in Johnson County, Texas. The statement of the theft charge on the warrant application noted that Chandler was incarcerated in the Johnson County Jail in Cleburne, Texas.

The Parole Commission issued the warrant to the United States Marshal for the Northern District of Texas with a memorandum to the marshal dated June 29, 1982 containing the following instruction:

Please assume custody as soon as possible or when located. NOTE: if the parolee is already in the custody of federal or state authorities, *do not execute this warrant.* Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.[1]

The United States Marshals Service in Dallas, Texas placed the violator warrant as a detainer with the Office of the Johnson County Sheriff on July 6, 1982.

On July 7, 1982, the Parole Commission issued a supplemental warrant application, charging Chandler with two thefts that occurred on or about June 11, 1982. On August 9, 1982, Chandler was sentenced to

---

**1.** This memorandum of instruction on the warrant given to the Marshal Service was not part of the record before the district court. The government submitted a Motion to Expand the Record to include this document as part of the record on appeal. This document should have been included in the original record, but we admit it for purposes of completeness of the record on appeal. The district judge was aware of the content of this instruction; this was unquestionably the basis for his finding that the Marshal had improperly executed the warrant.

a two to eight year term in the Texas Department of Corrections by the District Court for Johnson County, Texas. The court ordered that this sentence run concurrent with federal parole time.

The next day, August 10, 1982, the Parole Commission's regional office was informed that the United States Marshals Service had executed the parole violator warrant on August 9, 1982 and that Chandler was in federal custody. The regional office was not informed of the new state conviction until August 26, 1982.

Chandler was in federal custody almost a month before federal officials realized that the warrant should have been filed as a detainer rather than executed. Chandler was returned on September 2, 1982 to state officials to complete his state sentence.[2] The Marshals Service "unexecuted" the warrant by marking through it. A supplement to the original warrant noting Chandler's new conviction and sentence from the state of Texas was filed as a detainer with state officials on September 17, 1982.

Chandler received a parole revocation hearing on January 7, 1985. The Parole Commission decided to revoke his parole, and refused to credit any of the time spent on parole. The Commission also decided that the unexpired portion of Chandler's federal sentence should recommence on the date of Chandler's release from state custody or parole from the state sentence, whichever was the earlier, and agreed to parole him after service of 34 months.

Upon his release from state custody, Chandler was taken into federal custody to begin serving the remainder of his federal sentence.

On January 25, 1989, Chandler petitioned for a writ of habeas corpus in the United States District Court of the Northern District of Texas. Chandler argued that the federal sentence began running upon execution of the parole violator warrant in August 1982 and that he should receive credit for that time served. The district court adopted the findings, conclusions, and recommendations of the magistrate and ordered that Chandler's sentence be recalculated with the finding that the federal sentence commenced running without interruption from the date of the execution of the parole violator warrant. Respondents appealed that judgment to this court.

## DISCUSSION

### A. JURISDICTION

■ We consider first the challenge to the jurisdiction of this Court. The issue arises whether appellants' Notice of Appeal was sufficient under *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317–18, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988).

The notice of appeal was styled "Robert J. Barncastle, Warden, et al." The body of the notice then stated "Federal Defendants hereby appeal."

Federal Rule of Appellate Procedure 3(c) provides that the notice of appeal "shall specify the party or parties taking the appeal." In *Torres v. Oakland Scavenger Co.*, the United States Supreme Court held that the phrase "et al." does not provide the required notice of appeal to the opposing parties or to the court, because this designation does not identify all appealing parties.

The Fifth Circuit has followed *Torres* but has recognized certain limited exceptions to its rule. In *Pope v. Mississippi Real Estate Commission*, 872 F.2d 127, 129 (5th Cir.1989), the Fifth Circuit held that the use of "et al." is sufficient in the limited context of a two-party action where one of the parties is named, since "et al." can refer only to the one unnamed party. Here, as in *Pope*, there were only two parties who could be appealing this lawsuit—Robert Barncastle, the warden of the Federal Corrections Institute at Seagoville and the United States Parole Commission.

---

**2.** The time Chandler spent in federal prison was credited to his Texas Department of Corrections Sentence. This Court, however, realizes that the allowance of credit was a discretionary action on the part of the state. We express concern as to the possibility, implicated by our holding today, of persons who are held in federal custo-dy under an invalidly executed warrant being credited with *no time* to either their state or federal sentences. We believe that persons in such situations do have recourse against the government but that the remedy for this injustice lies outside of the statute governing the Parole Commission.

Under *Pope*, this designation suffices to identify all appealing parties.

## B. VALIDITY OF EXECUTION OF PAROLE VIOLATOR WARRANT

 Under the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201–4218 (1976)[3] the Parole Commission's parole violator warrants are to be executed as follows:

> Any officer of any Federal penal or correctional institution, or any Federal officer authorized to serve criminal process within the United States, to whom a warrant issued under this section is delivered, shall execute such warrant by taking such parolee and returning him to the custody of the regional commissioner, or to the custody of the Attorney General, if the Commission shall so direct.

The instruction accompanying the parole violator warrant of June 29, 1982 for Chandler specifically directed the Marshal not to execute the violator warrant if the parolee was already in state custody. Chandler was in state custody. The marshal either ignored or did not notice the Commission's instruction, because he took Chandler into federal custody and completed the return on the warrant indicating that he had executed it. Consequently, the attempted execution of the warrant by the United States Marshal on August 9, 1982 was not in compliance with the Commission's specific directions.

The Tenth Circuit recently addressed an almost identical set of facts in *McConnell v. Martin*, 896 F.2d 441 (10th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 167, 112 L.Ed.2d 131 (1990). In *McConnell*, an instruction appeared on the back of a parole violator warrant directing the United States Marshal not to execute the warrant if the subject was in custody on Federal, State, or Local charges, unless otherwise ordered by the Parole Commission. Directions on an accompanying form required the marshal to place a detainer warrant and to assume custody when the subject was released. The marshal attempted to

execute the warrant when McConnell was in federal custody on other charges.

The Court of Appeals for the Tenth Circuit found that "any attempt to execute a parole violator warrant in contravention of its terms is invalid." *McConnell*, 896 F.2d at 446, citing *United States v. Cox*, 475 F.2d 837 (9th Cir.1973) and *Henrique v. United States Marshal*, 476 F.Supp. 618, 626 (N.D.Cal.1979). The Court stated that "the Parole Commission alone has the power to choose whether to order that a parole violator warrant be executed or be filed as a detainer. This power to choose would be substantially impaired if a United States Marshal could frustrate it by executing a parole violator warrant that the Commission had directed was not to be executed." *Id.* at 446. The Court concluded that since the original parole violator warrant was not validly executed, the Commission had the authority to withdraw it and file a new warrant as a detainer after McConnell had been convicted and sentenced on other charges. The Court upheld the Parole Commission's decision to revoke parole and recommence McConnell's original sentence from the date of his release or parole from his second conviction, rather than from the date the improperly executed warrant was filed.

In reaching its decision in *McConnell*, the Tenth Circuit relied in part on *United States v. Cox*, 475 F.2d 837 (9th Cir.1973). In *Cox* a parole violator warrant was issued with attached instructions directing the marshal to hold the warrant in abeyance and inform the Parole Board if the charge did not result in a conviction. The instruction letter was lost, and the marshal arrested Cox. The Ninth Circuit found that since the instruction letter had directed that the warrant be held in abeyance, the warrant was invalid for purposes of Cox's arrest. *See Cox*, 475 F.2d at 841. *See also McConnell*, 896 F.2d at 445.

Chandler attempts to distinguish *McConnell* in that the instruction for the parole violator warrant in *McConnell* specifically directed the marshal to place the violator warrant as a detainer, whereas the instruc-

**3.** Pub.L. 98–473, Title II, § 218(a)(5), Oct. 12, 1984, 98 Stat. 2027, repealed sections 4201 to 4218 of the Act, effective Nov. 1, 1986. How-

ever, these sections remain applicable for five years to persons who committed offenses prior to the effective date.

tion here was simply not to execute the warrant if Chandler was already in the custody of state or federal officials. This Court now holds that the absence of an instruction as to what the marshal should do with the warrant if the parolee was in the custody of state prison officials was not so ambiguous that the marshal cannot be held to have invalidly executed the warrant. Given the warrant's clear prohibition against execution if the parolee was in state custody, the marshal should at least have obtained further direction from the Commission. At any rate, the execution of the warrant was not in compliance with the direction of the Commission as required by 18 U.S.C. § 4213(d).

Chandler contends that his case is analogous to *Still v. United States Marshal,* 780 F.2d 848 (10th Cir.1985) in which the Tenth Circuit held that once a parole warrant is validly executed, it cannot be withdrawn without exceptional circumstances. *Still* is in direct conflict with *Franklin v. Fenton,* 642 F.2d 760 (3rd Cir.1980) and *Thigpen v. U.S. Parole Commission,* 707 F.2d 973 (7th Cir.1983) which have held that the Parole Commission may withdraw a previously executed parole violator warrant and reexecute it at a later date. We see no need to address this conflict to resolve Chandler's case. The Tenth Circuit in *McConnell* expressly distinguished *Still* stating that the warrant had been validly executed in *Still* and therefore could not be withdrawn, unlike *McConnell,* involving a warrant issued contrary to the Commission's specific instructions which was invalidly executed and could therefore be withdrawn.

Finally, Chandler attempts to distinguish *McConnell* from his case in that, in *McConnell,* the Commission withdrew its original warrant and issued a second one after the marshal's mistaken execution. In Chandler's case, the Commission released Chandler from the custody of the warrant and had the *same warrant* replaced as a detainer. Chandler contends that this action was not sufficient to constitute a withdrawal of the warrant. This difference is not significant. *See Thigpen v. U.S. Parole Commission* in which the Court of Appeals for the Seventh Circuit stated that

"the withdrawal and reissuance of the old warrant instead of the issuance of an identical new warrant is surely an inconsequential difference of form...." 707 F.2d at 977.

## CONCLUSION

This Court follows the Tenth Circuit decision in *McConnell v. Martin* in holding that a parole violator warrant is not validly executed if the attempted execution is contrary to the Parole Commission's instructions, and a warrant that was never validly executed can be withdrawn. The warrant for Chandler was not validly executed on August 9, 1982 in that the specific directions on the warrant stated that it should not be executed if the parolee was in state custody. Consequently, the Parole Commission had the authority to release Mr. Chandler from the custody of the warrant, have the warrant replaced as a detainer against him, and suspend the running of his parole violator term. Because the Parole Commission acted within its authority, the district court's order granting habeas corpus relief is REVERSED.