IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50373
Summary Calendar
_____


TONY MORALES,

Petitioner-Appellant,

versus

UNITED STATES PAROLE COMMISSION;
TROY WILLIAMSON, Warden, FCI La Tuna,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-98-H
--------------------
April 12, 2002

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:*

Tony Morales, federal prisoner number 00833-051, appeals
from the district court's denial of his 28 U.S.C. § 2241 petition
in which he challenges the calculation of his sentence by the
United States Parole Commission. After a de novo review, we
affirm.

Morales, who was arrested on January 29, 1993, and
subsequently sentenced to 90 months' imprisonment on a charge of
felon in possession of a firearm, argues that he was arrested on

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a 1992 parole violator warrant and not for the felon-in-possession charge. He argues that the execution of the parole violator warrant began the running of the remaining portion of a 10-year special term of parole that had been revoked and that this term expired while he was serving his 90-month sentence. He also contends that he was subsequently denied a timely revocation hearing.

Because we conclude from the record that the parole violator warrant was improperly executed, we reject all of Morales's claims. The record shows that the Marshals Service executed the parole violator warrant and a warrant for the charge of felon in possession of a firearm. The execution of the parole violator warrant was contrary to the Parole Commission's instructions, however, and was invalid. See Chandler v. Barncastle, 919 F.2d 23, 24 (5th Cir. 1990). The record shows that a warrant for Morales's arrest based on the felon-in-possession charge was issued to the Marshals Service prior to the arrest. Instructions accompanying the parole violator warrant indicate that the criminal warrant was to be given precedence. Therefore, the Parole Commission had the authority to withdraw the improperly executed parole violator warrant, lodge it as a detainer against Morales, and suspend the running of his parole violator term. Id.

The district court's judgment is AFFIRMED. Morales's motion to be released pending appeal is DENIED. The respondents' motion to file an out of time response to the motion for release is GRANTED.

AFFIRMED.