

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Gates v. DeRosa

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2034

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gates v. DeRosa" (2006). *2006 Decisions.* Paper 193.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2034
_____

GEORGE D. GATES,

Appellant

v.

WARDEN C.J. DEROSA;
U.S. PAROLE COMMISSION

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 03-cv-06058)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2006

Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed: November 16, 2006  )
_____

OPINION
_____

PER CURIAM

George D. Gates appeals from the denial of his § 2241 petition by the United

States District Court for the District of New Jersey. We will affirm the District Court's

order.

I.

In 1985 Gates was sentenced by the U.S. District Court for the District of

Columbia to 30 years in prison for drug charges.[1] He was paroled in 1993 and was to

remain under parole supervision until January 2005. In September 1998, Gates was

arrested on federal drug charges in New York and was released on bond on September 30,

1998. On November 24, 1998, the United States Parole Commission issued a warrant

charging Gates with violating the terms of his parole. The Commission provided the

warrant to the United States Marshals Service with a cover memorandum giving

instructions for its execution, including the following paragraph:

> Please assume custody as soon as possible or when located.
> NOTE: If the parolee is already in the custody of federal or state
> authorities, do not execute this warrant. Place a detainer and notify the
> Commission for further instructions. *Do not execute the warrant if the
> parolee is released on bond.* Also, if a criminal arrest warrant has been
> issued for this parolee, execution of such criminal warrant shall take
> precedence and the Parole Commission is to be notified before its warrant
> may be executed.

---

[1]The sentence was later reduced to 20 years.

(emphasis in original). It appears that on July 14, 1999, the United States District Court for the Southern District of New York issued an arrest warrant in connection with Gates' pending federal drug charges in New York.[2] On October 27, 1999, the Marshals Service took Gates into custody. The parties do not agree on whether Gates was arrested pursuant to the parole violator warrant. Gates maintains that he was arrested solely on the parole violator warrant. The government notes that the documentation from the Marshals Service appears to indicate that Gates was arrested pursuant to both the arrest warrant and the parole violator warrant. However, the government also stresses that, contrary to custom when the Marshals Service has executed a Commission warrant, the official parole file maintained by the Commission does not contain a return copy of the parole violator warrant, or other notification by the Marshals Service. The government contends that the absence of such notification "leads to the logical inference that the parole violator warrant was never executed." Government Brief at 10-11.

Gates was brought to the Southern District of New York for a detention hearing in November 1999, where he was ordered detained by the U.S. District Court. On March 19, 2001, Gates was convicted of conspiracy to distribute heroin and sentenced to 120 months in prison, followed by supervised release. The parole violator warrant has since been placed as a detainer, at FCI Fort Dix (where Gates had been transferred as of

[2]Gates contends that the District Court did not issue an arrest warrant. However, the docket for Gates' criminal case in the Southern District of New York contains an entry indicating that the court issued an arrest warrant for Gates on July 14, 1999.

November 2002), against Gates as he completes his sentence for heroin distribution. The warrant will be executed when Gates is released, which is anticipated to be July 2008.

Gates filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District of New Jersey, contending that his right to a prompt revocation hearing was violated because he was taken into custody under the parole violator warrant on October 27, 1999. The District Court denied the petition and Gates now appeals.

II.

This Court has jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal decisions, and apply a clearly erroneous standard to the court's factual findings. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).[3]

The arrest of a parolee as a parole violator triggers the right to certain due process protections, including a hearing. See Morrissey v. Brewer, 408 U.S. 471, 485 (1972). However, the execution of a parole violator warrant in contradiction to the instructions of the Parole Commission is invalid. See McConnell v. Martin, 896 F.2d 441, 446 (10th Cir. 1990), cert. denied, 498 U.S. 861 (1990). The courts of appeals which have considered the question have uniformly concluded that it is not necessary to hold a parole violator hearing for such a warrant, and that such an invalid warrant can be withdrawn, placed as a detainer, and executed at a later date. See Barnard v Henman, 89 F.3d 373,

_____

[3]Superceded by statute (on other grounds). See United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000).

4

377 (7th Cir. 1996); <u>Sinclair v. Henman</u>, 986 F.2d 407, 409 (10th Cir. 1993), <u>cert</u>. <u>denied</u>, 510 U.S. 842 (1993), <u>Chandler v. Barncastle</u>, 919 F.2d 23, 26-27 (5th Cir. 1990); <u>see</u> <u>also</u> <u>United States v. Cox</u>, 475 F.2d 837, 841 (9th Cir. 1973) (execution of parole violator warrant in conflict with instructions on letter attached to warrant caused warrant to be invalid for arrest purposes).  Formal withdrawal of the improperly executed warrant is not necessary; the same warrant can be used as a detainer, or a new warrant can be issued. See <u>Barnard</u>, 89 F.3d at 377 n.8; <u>Chandler</u>, 919 F.2d at 27.

We need not resolve the question of whether Gates was arrested pursuant to the parole violator warrant.  Even assuming – as Gates contends – that his October 27, 1999 arrest was pursuant to the parole violator warrant alone, it is undisputed that Gates was released on bond at the time of his October 27, 1999 arrest.  It is also clear that the instructions for the warrant explicitly state that it should not be executed if the parolee is released on bond.  Therefore, the execution of the parole violator warrant was invalid and did not trigger the duty to hold a revocation hearing.

Accordingly, we will affirm the District Court's order denying Gates' § 2241 petition.