Edward M. McCONNELL,
Petitioner/Appellee,

v.

T.C. MARTIN, Warden, Federal Correctional Institute, El Reno, Oklahoma, Respondent/Appellant,

U.S. Parole Commission, Respondent.

No. 88–2032.

United States Court of Appeals,
Tenth Circuit.

Feb. 12, 1990.

Rehearing Denied April 6, 1990.

Sylvia Royce, U.S. Dept. of Justice, Washington, D.C. (William S. Price, U.S. Atty., Oklahoma City, Okl., and William Lee Borden, Asst. U.S. Atty., Oklahoma City, Okl., with her on the brief), for respondent/appellant.

Donald V. Morano, Chicago, Ill., for petitioner/appellee.

Before LOGAN, BARRETT and EBEL, Circuit Judges.

EBEL, Circuit Judge.

This is an appeal by the Warden of the Federal Correctional Institution in El Reno, Oklahoma from an order of the United States District Court for the Western District of Oklahoma granting appellee Edward M. McConnell's petition for habeas corpus under 28 U.S.C. § 2241. The district court ruled that a warrant for parole violation issued by the United States Parole Commission ("the Commission") against McConnell had been executed while McConnell was awaiting trial on new federal charges, and that it was improper for the Commission to order that McConnell's original sentence, from which he had been paroled, run consecutive to the new federal sentence that he received for subsequent convictions. We hold that the attempted execution of the parole violator warrant was contrary to its clear terms and unauthorized, and therefore it was invalid. Thus, the Commission had the authority to withdraw the first warrant and to issue a second warrant which ultimately was properly filed as a detainer. The Commission's subsequent decision to revoke McConnell's parole and order the first sentence run consecutive to release from the second sentence was proper. Accordingly, we reverse.

## BACKGROUND

On March 17, 1981, McConnell was paroled from an aggregate seventeen year prison term for conspiracy to distribute narcotics, bank robbery, escape, conspiracy to commit bank robbery, and a firearms violation. On February 9, 1985, while out on parole, McConnell was arrested in the Eastern District of Tennessee for possession of narcotics and several firearms violations stemming from his possession of a semiautomatic rifle. Two days later, on February 11, 1985, the Parole Commission issued a parole violator warrant charging that the alleged possession of firearms and narcotics violated the terms of McConnell's parole. The Commission sent that warrant to the United States Marshal's Office for the Eastern District of Tennessee. On the front of the warrant there was a printed instruction directing the Marshal to execute the warrant by taking the named parolee into custody. On the back of the warrant, the following typed instruction appeared: "NOTE: Do not execute this war-

rant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission. (See accompanying instructions on Form H–24.)" R.I. at 7 (exhibit K) (emphasis in original). The accompanying instructions on the Form H–24 that the Commission had marked stated: "The parolee is awaiting trial or sentencing on new charges: place a detainer and assume custody when released." *Id.*

On February 19, 1985, a Deputy United States Marshal for the Eastern District of Tennessee made a return of the warrant to the United States Parole Commission by completing the back of the warrant. The return stated that the warrant was "executed" on February 19, 1985, by arresting McConnell and committing him to the Knox County Jail in Knoxville, Tennessee. R.I. at 7 (exhibit K, p. 3).

On April 9, 1985, McConnell pleaded guilty to the narcotics and weapons charges for which he was being held in custody pending trial and the United States District Court for the Eastern District of Tennessee imposed an eight-year sentence, ordering that it be served consecutive to the previous aggregate sentence from which McConnell had been paroled.

On April 18, 1985, the United States Parole Commission ordered the withdrawal of the original warrant, R.I.Doc. 7 (exhibit L), and issued a new parole violator warrant against McConnell to replace the one issued on February 11, 1985.[1] R.I.Doc. 7 (exhibit N). The Commission ordered that the warrant issued April 18, 1985, be filed as a detainer. R.I. at 7 (exhibit O). That warrant was filed as a detainer against McConnell. Dist.Ct.Op. at 2.

A year later, on April 9, 1986, the Parole Commission held a combined hearing to decide whether to revoke McConnell's parole of his original sentence as well as to assess his eligibility for parole on the new sentence. At that hearing, the Commission revoked McConnell's parole and ordered that the remainder of the original sentence run from the date of his release from the April 9, 1985 sentence imposed for the narcotics and weapons offenses, with no time to be credited for the period since McConnell's original parole.

On February 1, 1988, McConnell petitioned for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma. McConnell argued that because the original parole violator warrant was "executed" on February 19, 1985, the date the return of the warrant was completed, his original sentence had commenced running again on that date, and the Parole Commission's decision that the sentence run consecutive to his release on the second sentence was unlawful. The district court agreed and granted McConnell's writ.

The district court held that the Commission had authorized execution of the February 1, 1985 warrant, and that once validly executed, the parole violator warrant could not be withdrawn and McConnell's underlying sentence therefore commenced running again as of the date of the execution of the warrant. The district court ordered that McConnell's original sentence run concurrently with the second sentence and that he be credited with time on the original sentence from February 19, 1985, the date that the district court concluded that the warrant had been executed. Respondent appealed that judgment to this court.

## DISCUSSION

In section one we analyze the terms of the parole violator warrant and conclude that it unambiguously directed the Marshal not to execute the warrant if McConnell was in custody. In section two we hold that, because the attempted execution of the warrant contrary to its terms was invalid, the warrant was properly withdrawn by the Commission and replaced by the second warrant which was properly filed as a detainer.

1. *The Parole Violator Warrant Did Not Authorize The Marshal To Execute It.*

█ Under the Parole Commission and Reorganization Act of 1976, 18 U.S.C.

---

1. The Commission also issued a telex instructing the Marshal's Office in Tennessee to "[u]nexecute the previously executed warrant and lodge same as a detainer." Dist.Ct.Op. at 5.

§§ 4201–4218 (1976) [2] ("the Act") the Commission may issue a warrant to retake a parolee if the parolee is alleged to have violated parole. 18 U.S.C. § 4213(a)(2). If the Commission issues a warrant, then the Act provides the method for its execution:

Any officer of any Federal penal or correctional institution, or any Federal officer authorized to serve criminal process within the United States, to whom a warrant issued under this section is delivered, shall execute such warrant by taking such parolee and returning him to the custody of the regional commissioner, or to the custody of the Attorney General, *if the Commission shall so direct.*

18 U.S.C. § 4213(d) (emphasis added).[3]

In this case, however, the warrant made clear that the Commission had directed that it not be executed. On the back of the warrant, directly above the portion to be completed by the United States Marshal and returned to the Parole Commission, was the following language: "NOTE: Do not execute this warrant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission. (See accompanying instructions on Form H–24.)" R.I. at 7 (exhibit K at 3) (emphasis in original). That instruction was applicable at the time the warrant was issued and at the time it was allegedly executed because McConnell was being held in federal custody for other charges. Dist.Ct.Op. at 4. The marked instruction on the Form H–24, which was cross-referenced in the warrant, read as follows: "The parolee is awaiting trial or sentencing on new charges: place a detainer and assume custody when released." R.I. at 7 (exhibit K at 3).[4] Evidently, the United States Marshal either disregarded or failed to notice both the Commission's condition for execution of the warrant and the directions on the accompanying Form H–24 because he completed the return on the warrant indicating that he had executed it.

The district court concluded that "the instructions given the Marshal were inconsistent and did not expressly prohibit execution of the warrant." Dist. Ct. Op. at 6. We believe that conclusion is clearly erroneous. Although the district court correctly noted that the printed language on the front of the warrant ordered the Marshal to take McConnell and hold him in custody,

---

**2.** Pub.L. 98–473, Title II, §§ 218(a)(5), 235 (Oct. 12, 1984), 98 Stat. 2027, repealed sections 4201 to 4218 of the Act, effective Nov. 1, 1986. However, those sections remain applicable for five years to individuals who committed offenses prior to the effective date. Therefore, those sections of the Act apply in the present case and indication of the repeal is omitted in all subsequent references.

**3.** In his brief, McConnell argues that he was taken into "custody" pursuant to the parole violator warrant because he was held in pretrial detention pursuant to that warrant. Appellee's Br. at 6–7. The government disputes that characterization. Appellant's Reply Br. at 2–3. Evidently, the district court did not rely on the pretrial detention in deciding that McConnell was taken into custody under the parole violator warrant. Rather, the district court reasoned that the completion of the return on the back of the warrant demonstrated execution, whether or not official custody was transferred from the new charges to the warrant. Dist. Ct. Op. at 5. We do not reach the issue of whether McConnell was ever actually taken into custody under the parole violator warrant because, as explained below, we hold that the Commission did not authorize the Marshal to execute the warrant by taking McConnell into custody and therefore the warrant could not be validly executed.

**4.** The parole violator warrant issued by the Commission on February 11, 1985 against McConnell directed the Marshals to file it as a detainer. McConnell was not convicted until April 9, 1985. There is a division of authority on the question of whether the Commission has the statutory power to order that a warrant be lodged as a detainer prior to the time that the parolee is convicted. *Compare Goodman v. Keohane,* 663 F.2d 1044, 1046–47 (11th Cir.1981) (per curiam), *with Hopper v. United States Parole Commission,* 702 F.2d 842, 847 n. 5 (9th Cir.1983); *Heath v. United States Parole Commission,* 788 F.2d 85, 88–90 (2d Cir.), *cert. denied* 479 U.S. 953, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986).

We do not reach the issue of whether the Commission has statutory authority to instruct that a warrant be filed as a detainer before the parolee has been convicted. Whether or not the Commission is authorized to order that a warrant be filed as a detainer prior to a conviction, such an instruction is clearly inconsistent with immediate execution.

the district court ignored the more specific instruction and qualifying conditions on the reverse side of the warrant and in the accompanying Form H–24, which made clear that the order to execute was conditioned on the parolee not being in custody on new charges.

In concluding that the Commission had authorized the execution of the warrant, the district court relied on the Commission's choice of instructions from among the various preprinted alternatives on the Form H–24. The district court pointed out that the instruction that had been marked on the accompanying Form H–24 did not explicitly instruct the Marshal not to execute the warrant, whereas two other instructions that were not checked were more explicit in that regard. However, the first of the alternative instructions would only apply in a situation where the Commission was uncertain whether the parolee is at large or is in the custody of federal or state authorities.[5] The second of the alternative instructions states that, in addition to not executing the warrant, the Marshal is not to file a detainer.[6] Here, these alternative instructions would not have been appropriate because the Commission knew McConnell was in custody, and it wanted a detainer filed against him. There was nothing ambiguous about the instruction that the Commission did give to the Marshal. He was told unequivocally "[d]o not execute this warrant if subject is being held in custody on other Federal ... charges," as the Marshal knew to be the case. He was further instructed affirmatively to "place a detainer and assume custody when released." The United States Marshal simply disregarded the unambiguous directions of the Parole Commission. Therefore, the attempted execution was unauthorized.[7]

### 2. *The Marshal's Attempted Execution Was Invalid.*

■ We have found only two cases confronting the question of whether a parole violator warrant can be validly executed contrary to the instructions of the Parole Commission. However, both of those cases agree that execution of a parole violator warrant in a manner contrary to that authorized by the parole authority is invalid. Whether a parole violator warrant can be validly executed contrary to its terms is a question of law. Accordingly, we review this issue *de novo. See United States v. Soto–Ornelas,* 863 F.2d 1487, 1491 (10th Cir.1988).

In *United States v. Cox,* 475 F.2d 837, 838 (9th Cir.1973), a federal parole officer learned of charges pending against Cox, a federal parolee, and issued a parole violator warrant. In transmitting the warrant to the United States Marshal's Office, the parole officer attached a form letter with a variety of standard instructions. *Id.* at 839. The instruction marked by the Commission directed the Marshal to hold the warrant in abeyance and to inform the Parole Board if the charge did not result in a conviction. *Id.* The instruction letter was misplaced, and the Marshals arrested Cox. *Id.* The Ninth Circuit held that, because the instruction letter directed that the warrant be held in abeyance, the warrant was invalid for purposes of Cox's arrest. *Id.* at 841.

**5.** That direction provided as follows:

Please assume custody as soon as possible or when located. NOTE: if the parolee is already in the custody of federal or state authorities, *do not execute this warrant.* Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.

R.I. at 7 (exhibit K at 1) (emphasis in original).

**6.** That instruction provided as follows:

The parolee is awaiting trial or sentencing on new charges: hold the warrant in abeyance until you receive further instructions. *Do not execute this warrant if the parolee is released on bond.* A detainer is not to be filed.

R.I. at 7 (exhibit K at 1) (emphasis in original).

**7.** In concluding that the Parole Commission authorized the execution of the warrant, the district court also relied in part on the Parole Commission's telex ordering the Marshal's Office to "unexecute" the warrant issued February 11, 1985. We believe the district court's reliance on the Commission's characterization was misplaced. If this telex is of any significance, it is simply further evidence that the Commission had not intended to authorize the execution of the warrant.

"The power to defer necessarily creates the power to give implementing instructions to defer. It is an emphasis of form over substance to argue that the warrant itself must call for its delayed execution, and that an accompanying letter is insufficient."

*Id.* (quoting *Chieppa v. Krimsky,* 169 F.Supp. 337, 344 (S.D.N.Y.1959)).

In *Henrique v. United States Marshal,* 476 F.Supp. 618, 626 (N.D.Cal.1979), a parolee, Henrique, was arrested after the expiration date of the parole violator warrant had passed. The parole violator warrant issued against Henrique stated that it could not be executed after March 31, 1978. *Id.* at 621. On the basis of that warrant, Henrique was arrested by FBI agents on June 13, 1978. *Id.* The district court held that the agents had no authority to take Henrique into custody because there was no outstanding warrant against him, only an expired warrant. *Id.* at 626. The court concluded that "[o]f necessity, federal officers must rely on the warrant itself when making an arrest. They cannot be expected to act on facts and circumstances not disclosed in the warrant; to do so would destroy the purpose of the warrant." *Id.*

*Cox* and *Henrique* both recognized that any attempt to execute a parole violator warrant in contravention of its terms is invalid. Both of those cases dealt with the issue in evaluating the validity of an arrest. However, we believe the principle should apply with equal force when determining whether a parole violator warrant was validly executed such that the parolee's sentence commences to run again from that date if the Commission decides to revoke parole. As discussed above, the Parole Commission alone has the power to choose whether to order that a parole violator warrant be executed or be filed as a detainer. That power to choose would be substantially impaired if a United States Marshal could frustrate it by executing a parole violator warrant that the Commission had directed was not to be executed.[8]

## CONCLUSION

 Because the parole violator warrant dated February 11, 1985 was never validly executed, the Commission had the authority to withdraw it.[9] The Commission properly withdrew that warrant and issued a new warrant dated April 18, 1985. The new warrant was subsequently filed as a detainer after McConnell had been convicted. The Commission held a hearing combining the initial hearing on McConnell's new sentence with the parole revocation hearing for his previous sentence on May 22, 1986. At that hearing, the Commission decided that McConnell's parole should be revoked and his violator sentence would commence to run upon his release or parole from his second conviction. Because we believe that the Commission acted within its authority and that McConnell's custody pursuant to the Commission's decision is proper, the district court's order granting habeas corpus relief is REVERSED.

---

8. Similarly, it is a well-established principle that the magistrate issuing a search warrant controls the manner of its execution. *See United States v. Medlin,* 798 F.2d 407, 410–11 (10th Cir.1986). If a search exceeds the scope of the warrant authorizing the search, the role of the magistrate in determining the boundaries of the search is impermissibly circumvented. Accordingly, the use of evidence obtained by improperly executed warrants is suppressed. *See id.*

9. The withdrawal of the parole violator warrant in this case does not violate this Circuit's rule that the Commission may not withdraw a parole violator warrant if it has been validly executed. *See Still v. United States Marshal,* 780 F.2d 848 (10th Cir.1985).

In *Still,* the parole-violator warrant did not instruct the federal officer to file the warrant as a detainer, but rather to execute it by taking Still into custody. *Id.* at 850 n. 2. The warrant was subsequently validly executed when the Marshal took Still into federal custody. *Id.* After the warrant had been executed according to its terms, the Commission attempted to withdraw it. *Id.* at 850. This court held that the Commission's attempted withdrawal exceeded its statutory authority. *Id.* at 851–52. By contrast, our holding in this case is only that a parole violator warrant is not validly executed if the attempted execution is contrary to the Commission's specific instructions, and since the warrant was never validly executed, it can be withdrawn.