947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles V. FARNSWORTH, Petitioner/Appellant,
v.
Warden C. EDWARDS, Respondent/Appellee.
 No. 90-1729.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.[1]
Decided Oct. 28, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Charles V. Farnsworth is a prisoner at the United States Penitentiary in Terre Haute, Indiana. His petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 was dismissed with prejudice, and this appeal followed. The jurisdiction of this court is properly invoked under 28 U.S.C. § 1291 and § 2253.
 
 I. FACTS
 
 2
 The petitioner-appellant has a long history of criminal activity which has lead to his incarceration. In October 1978, he was convicted of federal firearms violations, and was sentenced to a period of confinement in a federal prison. In February 1983, just before completing that term, Farnsworth escaped from the federal prison camp in Arizona. His escape resulted in a five year probationary sentence to run consecutive to the original seven year term. In August 1983, petitioner was released from federal prison under the mandatory release. Shortly thereafter, word reached federal oficials that Farnsworth had violated conditions of his probation for the escape offense. A federal district court, on October 19, 1983 in California, ordered a probation violation warrant for Farnsworth's arrest. Two days later on October 21, 1983, a mandatory releasee violator warrant was issued from the office United States Parole Commissioner for Farnsworth's failure to comply with the terms of his probation for the firearms violations.
 
 
 3
 Farnsworth had further interaction with law enforcement officials. In December 1983, he was arrested by California police for weapons violations. He posted bond for the arrest, but failed to appear. At that time a state warrant was issued for his arrest. A month later in January 1984, petitioner was arrested by California police for vehicular homocide, which was a result of his driving under the influence of cocaine and codeine. Again, Farnsworth posted bond but failed to appear. A second state warrant for his arrest was issued. A month later in February 1984, petitioner was arrested for drugs and firearms violations. Subsequently he was convicted of vehicular homocide and ordered to serve six years in the state penitentiary. Shortly thereafter he was also convicted on the prior state firearms violations.
 
 
 4
 The United States Marshals filed a detainer with the Los Angeles County Jail in February 1984 requesting that they be kept informed regarding any transfer or release plans for Farnsworth. The United States Parole Commission learned of Farnsworth's state criminal activity in a letter from his probation officer in June 1984. At that time, the United States District Court ordered that a federal probation violator warrant be executed against petitioner-appellant Farnsworth. This warrant was executed. Subsequently, the mandatory releasee violator warrant was lodged as a detainer with the Los Angeles County Jail.
 
 
 5
 In 1986 the Parole Commission reviewed the outstanding parole violator warrant, and decided to allow it to continue as a detainer while Farnsworth served his federal prison term for escape. In 1987 the Marshal's Service informed the Parole Commission that Farnsworth returned to federal custody following completion of his state court term, and that the mandatory releasee violator warrant was acting as a hold until the outstanding judgments and commitment orders against him were resolved. A Parole Commission employee mistakenly interpreted this communication as reading that the mandatory releasee violator warrant had been executed, and issued a "probable cause" letter addressed to him stating that the Parole Commission had probable cause to believe that petitioner violated the terms of his release.
 
 
 6
 The Parole Commission held a parole revocation hearing, believing that the mandatory releasee warrant had been executed. At the hearing, the Commission learned that the warrant was still unexecuted, and was serving only as a detainer on Farnsworth. The Commission discussed additional matters relating to Farnsworth's parole for the federal escape sentence. The petitioner was sent a letter explaining that the revocation hearing had been erroneously scheduled, because the mandatory releasee warrant had not been executed. The petitioner was also advised that an error that occured in calculating his sentence had been corrected.
 
 
 7
 The following year, another hearing was held and the reviewing panel recommended to the Parole Commission that Farnsworth's mandatory release be revoked and that none of his parole time ("street time") be credited toward his original sentence. The Commission concurred, and ordered Farnsworth's parole revoked and that he serve his escape sentence and the balance of his original firearms sentence term.
 
 
 8
 Farnsworth's petition for habeas corpus alleges that the mandatory releasee violator warrant was executed when the Parole Commission employee misinterpreted the communication from the Marshal's Office.[2] Petitioner also argues that upon the alleged execution of the mandatory releasee violator warrant, the remaining time on his federal firearms sentence began to run concurrently with the escape sentence for which he was in prison.
 
 II. ANALYSIS
 
 9
 This court must review a habeas corpus petition by construing the evidence in the light most favorable to the government. Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 2793 (1979); Shore v. Warden, No. 90-2653, slip op. at 7 (7th Cir. Aug. 30, 1991). The factual findings of the lower court will not be disturbed unless they are clearly erroneous. Goins v. Lane 787 F.2d 248, 253 (7th Cir.), cert. denied, 479 U.S. 846 (1986).
 
 
 10
 The mandatory release violator warrant for Farnsworth was issued pursuant to 18 U.S.C. § 4213(a)(2)[3] which states that a parolee who is believed to have violated the terms of parole may be retaken under a warrant issued by a properly authorized federal officer. This section also applies to those individuals released under the federal mandatory release program.[4] The warrant was accompanied by instructions for the United States Marshal who was to enforce it against Farnsworth. These instructions required the marshal not to execute the warrant, but rather to lodge it as a detainer if Farnsworth was then in the custody of federal or state authorities. Only after consultation with the Parole Commission, where further instructions would be given, was the marshal to take further action. Last, the instructions directed the marshal that if a criminal arrest warrant had been issued against the petitioner Farnsworth, execution of the arrest warrant was to precede execution of the violator warrant. The marshal performed as instructed. He lodged the warrant as a detainer against the Farnsworth because he had been previously apprehended under a parole violator warrant. Therefore, the warrant remained unexecuted.
 
 
 11
 Petitioner-appellant Farnsworth states that the alleged execution of the warrant at the time that the Parole Commisson employee misinterpreted the communication from the marshal, retroactively applied to the time when the warrant was filed as a detainer. The employee's misinterpretation was a clerical error. Prisoners are not allowed the benefit of clerical errors in sentencing issues. Consistently, courts have held that when a clerical error differs from a valid sentence pronouncement by an authorized court official, that error will not affect the otherwise valid sentence declaration. Clerical errors in government agency communications are to be corrected, they are not to serve as a vehicle to vitiate a valid parole pronouncement. United States v. Thomas, 774 F.2d 807, 814 (7th Cir.1985); cf. Tijerina v. Thornburgh, 884 F.2d 861, 865 (5th Cir.1989).
 
 
 12
 Additionally, any purported execution of the warrant was not proper. The Fifth Circuit recently decided a case where a violator warrant served by the marshal was accompanied with instructions similar to those accompanying the warrant in issue here. As in this case, the instructions were attached to the warrant, and directed the marshal not to execute the warrant if the parolee was in state custody. However, the marshal in that case ignored or failed to follow the instructions, and apprehended the parolee contrary to those directives. The marshal then returned the warrant with an indication that it had been executed. Relying on a Tenth Circuit decision, the court held that because the execution of the warrant did not comply with the Parole Commission's instructions as required by 18 U.S.C. § 4213(d), the execution was invalid. Chandler v. Barncastle, 919 F.2d 23, 26-27 (5th Cir.1990) ( citing McConnell v. Martin, 896 F.2d 441 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 167 (1990)).[5] In McConnell, the court stated that any attempt to execute a violator warrant that contravened accompanying instructions from the Parole Commission was invalid. McConnell v. Martin, 896 F.2d at 446 (citations omitted). We agree with these courts, and also hold that any attempted execution was rendered invalid because it violated the instructions of the Parole Commission.
 
 
 13
 Finally, even if the warrant were executed, the Parole Commission has the power to revoke the warrant and hold it in abeyance until any other pending criminal charges or sentences are resolved. Thigpen v. United States Parole Commission, 707 F.2d 973, 976 (7th Cir.1983). The Supreme Court has acknowledged that allowing the warrant to stand unexecuted until the expiration of any subsequent sentence is the favored policy. Moody v. Daggett, 429 U.S. 78, 83-86, 97 S.Ct. 274, 277-278 (1976). The letter that corrected the clerical error could have served as a revocation of the warrant, and the actions of the Commssion indicate its decision to hold the warrant unexecuted until Farnsworth completed the sentence he was currently serving. Farnsworth is unsuccessful under every theory of warrant execution. Therefore, his argument regarding concurrent sentences need not be addressed.
 
 The decision of the district court is
 
 14
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [2]
 In his pleadings, Mr. Farnsworth consistently refers to the mandatory releasee violator warrant as the parole violator warrant. To logically construe Mr. Farnsworth's argument, we interpret his allegations as stated in the body of this order
 
 
 [3]
 This statute was repealed in 1984, but remains applicable for ten years. Therefore, this statute was effective as the proper statutory authority for the warrant. 18 U.S.C.A. § 4213 (West Supp.1991)
 
 
 [4]
 When Mr. Farnsworth's warrant was issued, the applicable statute, 18 U.S.C. § 4163 was still in effect. Since that time, the statute has been repealed
 
 
 [5]
 McConnell dealt with a situation where the violator warrant was to be filed as a detainer, but instead was executed by the marshal. The Tenth Circuit said that the execution was invalid, and could be withdrawn. Additionally, the court determined that a new warrant could be drawn and filed as a detainer. McConnell v. Martin 896 F.2d at 446