Ernest ROMAN, Petitioner,

v.

**U.S. PAROLE COMMISSION,**
Respondent.

No. 91–3183–R.

United States District Court,
D. Kansas.

April 17, 1992.

Ernest Roman, pro se.

Jackie A. Rapstine, Office of U.S. Atty., Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

Petitioner is before the court on a petition for writ of habeas corpus, 28 U.S.C. § 2241. Petitioner is currently incarcerated in the United States Penitentiary, Leavenworth, Kansas. Petitioner seeks his release based on his allegations that the United States Parole Commission (USPC) violated petitioner's constitutional right to due process. Specifically, petitioner claims he is entitled to a parole revocation hearing and to credit on his federal sentence for all time served after his parole violation warrant was executed.

Petitioner was convicted in federal court of bank robbery in 1977, and sentenced to ten years in prison. He was released on parole in January 1983. On January 3, 1985, USPC issued a parole violation warrant, indicating petitioner had not complied with administrative parole conditions.[1]

Thereafter, petitioner was arrested by state authorities on January 14, 1985, for robbing a savings and loan institution in California the same day. He was placed in state custody, and the parole violator warrant was lodged as a detainer. On January 16, 1985, petitioner appeared in federal court and was charged with a federal bank robbery offense for the January 14 robbery. Petitioner was remanded to custody and apparently, was returned to state custody. Petitioner's preliminary hearing in federal court was set for January 25, 1985.

On January 25, 1985, a federal grand jury indicted petitioner on nine separate counts of robbing banks and savings and loan institutions during December 1984 and January 1985. The same day, petitioner was placed in federal custody. Also the same day, the U.S. Marshal's office executed the earlier issued parole violation warrant.

On February 20, 1985, USPC decided that the parole violator warrant had been executed erroneously, as petitioner was in custody on the new federal bank robbery charges at the time the warrant was executed.[2] USPC directed the U.S. Marshal to withdraw the warrant and to place it as a detainer.[3]

---

1. The parole arrest warrant charged petitioner with failing to report his change in residence, failing to report as instructed, and failing to submit monthly supervision reports.

2. The back of the parole violator warrant directed that the warrant was not to be executed if petitioner was "being held in custody on other Federal, State or Local charges, unless otherwise ordered by the Commission."

3. The letter from USPC indicated that the U.S. Marshal was authorized "to draw a diagonal line through the entry indicating execution [sic] of the warrant to attach a clean copy of the reverse side of a Commission warrant (at-

Petitioner claims that once the parole arrest warrant was executed, USPC lacked authority to withdraw the warrant and place it as a detainer. Petitioner argues that his parole violator term began to run on execution of the warrant on January 25, 1985, by the U.S. Marshal.

Petitioner relies primarily on *Still v. U.S. Marshal*, 780 F.2d 848 (10th Cir.1985). In *Still*, the Tenth Circuit Court of Appeals held that USPC did not have authority to revoke a parole violator warrant once it had been executed. *Id.*, at 851–52. However, in *McConnell v. Martin*, 896 F.2d 441, 446 (10th Cir.), *cert. denied* —— U.S. ——, 111 S.Ct. 167, 112 L.Ed.2d 131 (1990), that court further held that USPC had authority to withdraw a parole violator warrant that was not validly executed, such as where the U.S. Marshal executed the warrant in violation of the express directions printed on the back of the warrant and on the accompanying directions.[4]

In the present case, petitioner was clearly in custody on other state and federal charges before the parole violator warrant was executed. The court finds that *McConnell* is controlling to the facts in this case, and that petitioner's parole violator warrant was not validly executed on January 25, 1985. The court concludes, therefore, that petitioner is not entitled to the relief he requests and that the petition for writ of habeas corpus must be denied.

IT IS SO ORDERED.

---

tached) to the back of the original warrant." The Marshal was also to send USPC a copy of the detainer notice

**4.** The Tenth Circuit reaffirmed their holding in *Still*, but distinguished that case as involving a parole violator warrant that had been validly executed according to the language on the *front* of the warrant. This distinction is difficult to apply given the standard parole violator warrant forms that were probably used in *Still* and

*McConnell*, and used in the present case. It is unfortunate there is no discussion in *Still* of the standard form language on the *back* of the warrant which contains the express directive relied on in *McConnell* to invalidate the execution of the warrant. However, in *McConnell*, that court clearly held that execution of the warrant in compliance with the terms of the front of the warrant, but in contradiction to the express directions on the back of the warrant, resulted in an invalidly executed warrant.