**Nelson SINCLAIR, Petitioner,**

v.

**G.L. HENMAN, et al., Respondents.**

**No. 91-3387-R.**

United States District Court,
D. Kansas.

April 27, 1992.

Nelson Sinclair, pro se.

D. Brad Bailey, Office of U.S. Atty., Topeka, Kan., for respondents.

## ORDER

ROGERS, District Judge.

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus, 28 U.S.C. § 2241. In this action, petitioner complains of actions taken by the United States Parole Commission (USPC). Petitioner claims USPC wrongfully denied petitioner credit on his sentence following his arrest on a parole violator warrant, denied petitioner a timely parole revocation hearing, and denied petitioner the proper amount of good time credits. Respondents filed an Answer and Return, and petitioner filed a traverse thereto. Both parties thereafter filed additional replies. Having reviewed the record, the court makes the following findings and order.

*Factual background*

Petitioner was sentenced by the United States District Court for the Central District of California in 1976 to a twelve year prison term. He was paroled on that sentence in March 1981. In December 1981,

petitioner's probation officer indicated petitioner was violating terms of the parole and the probation officer recommended a parole violation warrant be issued. The warrant was issued on January 4, 1982. The probation officer later submitted additional information of parole violations. The warrant application was supplemented on January 12, 1982, to include this new information.

From February to June of 1982, petitioner participated in numerous robberies of banks and of savings and loan institutions. In June 1982, a grand jury indicted petitioner on the robbery charges. On June 25, 1982, petitioner was arrested, placed in the San Bernadino Jail, and then transferred to federal custody. At some point the parole violator warrant was lodged as a detainer against petitioner. On May 27, 1987, USPC revoked petitioner's parole, giving him no credit on the initial twelve year sentence for the time spent on parole, which included petitioner's federal custody since June 1982.

*Discussion*

Petitioner's request for relief rests on a determination of whether petitioner's parole violation warrant was executed on June 25, 1982, or whether the warrant was lodged as a detainer and not executed until later. Petitioner relies on *Still v. U.S. Marshal*, 780 F.2d 848 (10th Cir.1985). In *Still*, the Tenth Circuit Court of Appeals held that USPC did not have authority to revoke a parole violator warrant once it had been executed. *Id.* at 851–52. However, in *McConnell v. Martin*, 896 F.2d 441, 446 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 167, 112 L.Ed.2d 131 (1990), that court further held that USPC had authority to withdraw a parole violator warrant that was not validly executed, such as where the U.S. Marshal executed the warrant in violation of the express directions

printed on the back of the warrant and on the accompanying directions.

In the present case, the court finds that the parole violator warrant most probably was executed on June 25, 1983, when the back of the warrant was filled in.[1] However, the accompanying instructions to the parole violator warrant clearly directed the United States Marshal not to execute the warrant if petitioner was already in state or federal custody. The instructions also directed that "if a criminal arrest warrant has already been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed."

Under *McConnell*, any execution of the parole violator warrant in violation of the express directions of USPC is not valid. Here, petitioner was arrested and taken into custody on criminal charges and for parole violation. Under the instructions, the arrest on the criminal charges took precedence and the parole violator warrant should not have been executed without further direction from USPC. Even if petitioner correctly states that a San Bernadino Jail memo regarding petitioner referenced by number only the parole violator warrant, this clerical reference does not negate the clear showing that petitioner was in custody for federal bank robbery offenses as well.

Although petitioner disputes whether the accompanying directions were in hand when the U.S. Marshal executed the parole violator warrant, the record clearly shows that the November 1982 date reflects when the instructions were *returned* to USPC, and not when the instructions were sent to or received by the U.S. Marshal's office. Petitioner's argument is without factual support.

---

1. The record contains a copy of the parole violator warrant which reveals that information regarding execution of the warrant was entered on the backside of the document and that portions of the written information later were obliterated. Respondents concede the backside of the parole violator warrant was filled out and then the document was altered to negate that action. Unfortunately, respondents also provide a copy of the same parole violator warrant with a clear backside, as well as a retyped front side. Although the clearly contradictory documentation raises serious question about the accuracy of respondents' records, it does not affect the legal analysis or outcome of the present case.

The court finds *McConnell* is controlling to the facts in this case, and that petitioner's parole violator warrant was not validly executed on June 25, 1982.[2] The court concludes, therefore, that petitioner is not entitled to the relief he requests.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

2. Given this finding, petitioner's remaining claims regarding a timely revocation hearing and his entitlement to additional good time credits are necessarily defeated and do not have to be addressed.