**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

JEFFREY WASHINGTON,

      Petitioner-Appellant,

v.

JOE BOOKER, Warden,

      Respondent-Appellee.

No. 98-1271
(D. Colo.)
(D.Ct. No. 97-Z-419)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellant Jeffrey Washington, an inmate appearing *pro se*, appeals the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241. We affirm.

While on parole from a federal sentence for bank robbery and theft, Mr. Washington violated conditions of his parole by committing various drug-testing infractions. The United States Parole Commission issued a warrant for his arrest. During the pendency of the warrant, the Los Angeles Police Department sought Mr. Washington's arrest in connection with state charges of robbery and assault. Working in cooperation with the local police, on July 18, 1995, United States Marshal's deputies arrived at petitioner's residence, confirmed his presence, and contacted the local police. Because Mr. Washington attempted to leave the premise before the police arrived, the federal deputies detained him. After their arrival, the police arrested Mr. Washington and took him into custody on the state charges.

After spending 275 days in state custody, state officials transferred Mr. Washington to federal custody January 25, 1996. At that time, officials completed the federal warrant by attesting in writing as to Mr. Washington's arrest and the warrant's execution on that date. At a parole revocation hearing, Mr. Washington admitted using drugs and alcohol, but denied involvement in the

state robbery. On the hearing examiner's recommendation, the United States Parole Commission revoked Mr. Washington's mandatory parole release and declined to credit any of the time spent on parole toward completion of his sentence.

Mr. Washington brought his § 2241 petition claiming the brief detention by the federal deputies constituted "execution" of the federal warrant. Based on this premise, he argued the 275 days in state custody or "street time" must be credited toward his federal sentence. He also raised other issues concerning his parole revocation hearing and revocation of his parole.

After thorough discussion and analysis, the United States Magistrate Judge recommended the district court deny Mr. Washington's petition. As to the issue of the warrant's execution, the magistrate judge determined the United States Marshal's deputies only "detained" Mr. Washington for the purpose of turning him over to the state's custody.

After considering Mr. Washington's objections to the recommendation, case law, and the undisputed facts, the district court issued an order and judgment thoroughly discussing the issues raised in Mr. Washington's petition. Based on

the circumstances of Mr. Washington's arrest and custody by state officials, and relying on relevant statutory law, the language of the warrant itself, and case law including *McConnell v. Martin*, 896 F.2d 441, 445-46 (10th Cir.), *cert. denied*, 498 U.S. 861 (1990), the district court concluded the execution of the warrant did not occur until Mr. Washington's transfer to federal custody on January 25, 1996. The district court, adopting the magistrate judge's recommendations, denied the petition.

Although Mr. Washington raised several issues in his petition, he limits his appeal solely to his claim the United States Marshal's deputies executed the federal warrant at the time they detained him at his residence. He relies on essentially the same arguments supporting his petition.

We review a district court's denial of a § 2241 petition *de novo*. *See Sinclair v. Henman,* 986 F.2d 407, 408 (10th Cir.), *cert. denied*, 510 U.S. 842 (1993) (determining the validity of warrant's execution as part of a *de novo* review). After careful review of the record, the briefs, and the applicable law, we hold the execution of the warrant at issue did not occur until Mr. Washington's transfer to federal custody on January 25, 1996. For substantially the same reasons articulated in the district court's order, we deny Mr. Washington's § 2241

petition and **DISMISS** his appeal. Because we cannot articulate these reasons

any better than the district court, we attach its Order of Dismissal and Judgment

dated July 10, 1998, as part of this decision.

                              **Entered by the Court:**

                              **WADE BRORBY**
                              United States Circuit Judge