**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY MICHAEL MOORE,

      Petitioner-Appellant,

v.

PAGE TRUE, Warden, United States
Penitentiary; UNITED STATES
PAROLE COMMISSION,

      Respondents-Appellees.

No. 99-3358
(D.C. No. 96-CV-3523)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Larry Michael Moore ("Moore") appeals the district court's order

dismissing his 28 U.S.C. § 2241 petition for habeas corpus. Moore, who is

currently serving a 15-year sentence arising from his attempted robbery of a

federal credit union, argues that he is entitled to credit for this time against his

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

eventual penalty for violating his parole from an earlier sentence. We AFFIRM the district court's order.

Moore was originally sentenced in 1978 to a twenty-five year sentence for bank robbery with assault. In 1983, he received a second, concurrent twenty-year sentence for armed bank robbery. He was paroled on May 2, 1990 with 4,825 days remaining on these sentences.

Moore was again arrested on September 17, 1991, this time for an attempted robbery of a federal credit union in Waco, Texas. Following his arrest, the United States Parole Commission ("Commission") issued a parole violator warrant pursuant to 18 U.S.C. § 4213, repealed by Act of Oct. 12, 1984, 98 Stat. 2027, and then forwarded the warrant to the United States Marshal's ("Marshal") regional office in Dallas, Texas. The warrant was accompanied by instructions stating, "The parolee is awaiting trial or sentencing on new charges: place a detainer and assume custody when released." On October 15, 1991, the Marshal's office replied with a teletype stating, in relevant part:

> RE: EXECUTION OF PAROLE WARRANT ***** FIRST NOTICE
>
> YOU ARE NOTIFIED THAT THE BELOW NAMED PRISONER [Moore] HAS BEEN ARRESTED AND RETURNED TO THE CUSTODY OF THE PAROLE COMMISSION PURSUANT TO 18 USC 4312(D) [sic].

Moore was convicted of charges arising from the attempted bank robbery and sentenced to fifteen years in prison. The Commission's subsequent actions suggest that it entertained some internal confusion as to whether the warrant had been executed. In 1992, the Commission instructed the warden of the United States Penitentiary in Lewisburg, Pennsylvania to file a detainer remanding him to the Parole Commission when his sentence was complete, and the warden was specifically advised "The warrant is not to be executed until you are specifically advised to do so by the Commission." Despite this, the following year a hearing panel of the Commission conducted a hearing in which it concluded that the warrant had been executed and that his current sentence and parole violation time were running concurrently. Upon review, however, the Commission's regional office issued a memorandum reversing this finding and determining that the warrant was not executed. Finally, in 1995, the Parole Commission revoked Moore's parole and ruled that none of the time served on his current sentence would count against his sentence for violating his parole.

Moore argues that the record shows that the Marshal executed the warrant in October 1991, and that all of the time he served after that point should therefore be credited against his sentence for violating parole. The district court dismissed his petition, holding that the warrant was not executed and, even if it

was, the execution was contrary to the instructions of the Commission and was therefore void.

It is well established that, by executing a parole violator warrant, the Commission takes custody of a defendant and any time served thereafter must be credited against the defendant's penalty for his parole violation. See, e.g., Still v. United States Marshal, 780 F.2d 848, 854 (10th Cir. 1985). However, it is equally well established that a violator warrant executed contrary to the instructions of the Parole Commission is invalid. See Sinclair v. Henman, 986 F.2d 407, 409 (10th Cir. 1993); McConnell v. Martin, 896 F.2d 441, 446 (10th Cir. 1990). The invalid execution of a violator warrant by the U.S. Marshal does not trigger a parolee's sentence to begin running in advance of the Commission's decision that it should do so. See id.

In this case, the record is not completely clear as to whether the Marshal executed the warrant. However, we need not resolve this question. It is clear that the Commission instructed the Marshal to file a detainer against Moore pending his release rather than to execute the warrant. Therefore, even if the Marshal did execute the warrant, this was not sufficient to cause Moore's sentence for parole violation to begin to run.

The judgment of the district court is therefore AFFIRMED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge