UNITED STATES of America,
Plaintiff,

v.

Steven W. MAISENBACHER,
Defendant.

Nos. 00–CR–30046, 86–CR–30012.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 23, 2003.

Gregory M. Gilmore, Office of U.S. Attorney Springfield, IL, for Plaintiff.

David B. Mote, Office of Federal Public Defender, Springfield, IL, for Defendant.

## OPINION

RICHARD MILLS, District Judge.

"Life is not so short but that there is always time enough for courtesy."

> Ralph Waldo Emerson, *Letters and Social Aims* (1876).

The Court now considers Petitioner Steven W. Maisenbacher's Petition for Writs of Habeas Corpus and Mandamus. *See* 18 U.S.C. § 2241.

## FACTS

On May 9, 1986, this Court sentenced Petitioner Steven W. Maisenbacher for armed robbery, conspiracy to commit armed robbery, and possession of firearm by a convicted felon. *See United States v. Maisenbacher*, 86–CR–30012 (C.D.Ill. 1986). The United States Parole Commission (the "Commission") paroled the Petitioner on December 21, 1998. After the Petitioner was arrested for drug-related and other offenses, the Court revoked his parole and sent him back to prison on April 12, 1999. On March 1, 2000, the Commission paroled the Petitioner for a second time. The terms of this second parole were to remain in effect until January 28, 2016. These terms included a complete prohibition on the use of illegal drugs.

The Petitioner did not satisfy the terms of his parole for long. On May 11, 2000, the United States Probation Office reported that he had tested positive for illegal drugs and failed to submit to scheduled drug tests.

The Commission issued a warrant for the Petitioner's arrest on June 6, 2000. Two important instructions accompanied the parole violator warrant. First, it stated that the United States Marshal's Service was not to execute the warrant if the Petitioner was "already in the custody of a federal or state authority." Second, the warrant stated that "if a criminal arrest warrant has been issued for [the Petitioner], execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed."

On June 20, 2000, the Petitioner robbed a bank in Harvel, Illinois. The police apprehended the Petitioner less than a half hour after the robbery and he confessed. United States Magistrate Judge Byron G. Cudmore issued a warrant on June 22 ordering the Marshal's Service to bring the Petitioner to court so he could answer a criminal complaint stemming from the armed robbery. *See U.S. v. Maisenbacher*, 00–30046 (C.D.Ill.2000). That same day, the Marshal's Service executed Judge Cudmore's warrant and the Commission's parole violator warrant alike.

The Marshal's Service contacted the Commission on June 28 to advise it that the Commission's warrant had been mistakenly executed. On March 24, 2001, the Commission issued an order stating that its "warrant is to be held as a detainer against" the charges arising from the June 20, 2000, bank robbery. The order further explained that the execution of the warrant was "contrary to instructions as there was a new criminal warrant."

The Petitioner's lawyer wrote to the Commission on August 22, 2001, in an effort to resolve the merits of the June 6, 2000, parole violator warrant. The Commission never responded to that letter or Petitioner's September 18, 2001, request for a revocation hearing.

On October 4, 2001, the Court sentenced the Petitioner to 324 months in prison for the bank robbery, etc. that he committed in Harvel. *See United States v. Maisenbacher*, 00–30046 (C.D.Ill.2000). Once incarcerated, the Petitioner received two documents from the Commission. The first document, dated November 20, 2001, stated that the Petitioner was under a detainer for alleged parole violations. The second document, dated March 24, 2001, stated that the Petitioner was released from the custody of the parole violator warrant and that the warrant was to be held as a detainer against the federal charges arising from the Harvel bank robbery. According to the Commission's March 24 letter, it was taking this action because the June 6 parole violator warrant "was executed contrary to instructions as there was a new criminal warrant."

The Petitioner filed the instant Petition for Writs of Habeas Corpus and Mandamus on September 23, 2002. In essence, his petition asserts that since the Commission's parole violator warrant was executed by the Marshal's Service on June 22, the Commission was required to conduct a parole revocation hearing within ninety days of that date. Because the Commission did not conduct a revocation hearing within ninety days of the warrant's June 22 execution, the Petitioner contends that he has been denied his right to a timely parole revocation hearing. He asks the Court to order the Commission to release him from its detainer and/or to vacate the parole hold it has placed on him.

## ANALYSIS

■ When a federal prisoner challenges conditions of his confinement which do not stem from his original conviction or sentence, he must bring suit under 28 U.S.C. § 2241. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000). Here, the Petitioner is contesting the Commission's refusal to hold a revocation hearing and its decision to impose a detainer in case 86–CR–30012. These actions do not relate to the Petitioner's original conviction or sentence in the instant case, 00–CR–30046. Thus, the Petitioner can properly seek habeas relief under § 2241.

In order to obtain habeas relief, however, the Petitioner must show that the Parole Commission deprived him of a federal right. The Petitioner attempts to make this showing by arguing that the Parole Commission: (1) failed to provide him with a timely revocation hearing; and (2) unlawfully imposed a detainer.

■ By law, the Parole Commission must conduct a parole revocation hearing within ninety days of the date it retakes a parolee via the execution of a parole violator warrant. *See Barnard v. Henman*, 89 F.3d 373, 377 (7th Cir.1996) (discussing 18 U.S.C. § 4214(b)(1)); *see also Thompson v. Crabtree*, 82 F.3d 312, 314 (9th Cir. 1996). "However, only *valid* execution of the parole violator warrant triggers the commission's procedural responsibilities." *See Barnard*, 89 F.3d at 377 (citation omitted) (emphasis in original).

■ "[T]he Parole Commission alone has the power to choose whether to order that a parole violator warrant be executed or filed as a detainer." *See id.* (quoting *McConnell v. Martin*, 896 F.2d 441, 445–46 (10th Cir.1990)). Thus, if the Marshal's Service executes a parole violator warrant contrary to the Commission's instructions, the warrant is invalid and the Commis-

sion's duty to conduct a revocation hearing does not begin to run. *See id.* (citing *McConnell,* 896 F.2d at 446).

In the instant case, the Commission asserted in its March 24, 2001, correspondence that the June 6, 2000, warrant was executed contrary to instructions as there was a new criminal warrant. The Petitioner correctly observes that this statement is inaccurate. There was never a new criminal warrant issued for the Petitioner. Police arrested the Petitioner while they were in hot pursuit of him for bank robbery.

█ If the Commission's instructions to the Marshal's Service was limited to the existence of a new criminal warrant, the Petitioner might have a valid habeas claim. Unfortunately for him, however, the Commission explicitly stated another condition whose existence prohibited the Marshal's Service from executing the June 6 warrant. This other condition stated that the United States Marshal's Service was not to execute the June 6 warrant if the Petitioner was "already in the custody of a federal or state authority." Because the Petitioner was already in police custody at the time the Marshal's Service executed the June 6 parole violator warrant, the Court finds that the Marshal's execution of that warrant was invalid. Accordingly, the Commission was under no duty to conduct a revocation hearing.

█ Furthermore, the Commission has acted lawfully by using the June 6 parole violator warrant as a detainer and delaying its execution. As the Seventh

Circuit noted in *Barnard,* "if a warrant was invalidly executed, the Commission may subsequently utilize the same warrant as a detainer." *See id.* at 377 n. 8 (citing *Chandler v. Barncastle,* 919 F.2d 23, 26–27 (5th Cir.1990)). The Commission "can issue a warrant and place it as a detainer against [a] prisoner, waiting to execute it until [a] prisoner has completed service of his sentence for the crime that he committed on parole." *See id.* at 919 n. 8 (citing *Tijerina v. Thornburgh,* 884 F.2d 861, 865–66 (5th Cir.1989)). This is exactly what the Commission has done here, and these actions are lawful.[1]

*Ergo,* Petitioner Steven W. Maisenbacher's Petition for Writs of Habeas Corpus and Mandamus (d/e 28) is DENIED.

IT IS SO ORDERED.

---

1. While the Commission has acted lawfully in all respects, it has not conducted itself with much courtesy. In his brief, the Petitioner's counsel expresses exasperation over how the Commission ignored his letters, corresponded directly with the Petitioner, and failed to provide him with copies of materials it sent to the Petitioner. The Court is disturbed by the Commission's conduct. In the future it will expect the Commission to act with greater civility. A fuller discussion of this concept and its importance to the courts can be found in the 1992 Final Report of the Committee on Civility of the Seventh Federal Judicial Circuit.