930 F.2d 922
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Henry O. HICKS, Jr., Petitioner-Appellant,
v.
Raymond ROBERTS and Attorney General of Kansas, Respondents-Appellees.
 No. 90-3292.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant, Henry O. Hicks, Jr., seeks a certificate of probable cause to appeal the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. He also seeks to proceed in forma pauperis on appeal. On September 12, 1988, petitioner was convicted in the district court of Johnson County, Kansas, of taking indecent liberties with a child. He did not appeal; however, he later moved for the sentencing court to review the conviction pursuant to Kan.Stat.Ann. Sec. 60-1507 (1983). After the state court denied the motion, petitioner did not seek review by a higher state appellate court as provided for in Kan.Stat.Ann. Sec. 60-1507(d). Instead, he filed a Sec. 2254 petition in federal district court, pointing to the same constitutional errors argued before the state court. The federal court dismissed the petition without prejudice because petitioner failed to exhaust the available state remedies as required by Sec. 2254(b). Additionally, the court declined to issue a certificate of probable cause.
 
 
 2
 "To fulfill the [Sec. 2254(b) ] exhaustion requirement, a petitioner must present his claim to a state appellate court." Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir.1988). See also Picard v. Connor, 404 U.S. 270, 275 (1971) (claim must be fairly presented to the state courts). In this instance, petitioner's arguments did not reach the Kansas appellate courts because he did not file a notice of appeal from the state's post-conviction review procedure. Absent evidence that petitioner's claims are procedurally barred under Kansas law, see Castille v. Peoples, 489 U.S. 346, 351 (1989), we find that he has not exhausted the available state remedies[1] and that the district court correctly dismissed his Sec. 2254 petition. In denying petitioner's request to proceed in forma pauperis on appeal, we find that he does not have a rational argument based on law or fact to support his appeal since he has not exhausted the available state remedies. Coppedge v. United States, 369 U.S. 438 (1962). Likewise, "a 'substantial showing of the denial of [a] federal right' " is lacking. Barefoot v. Estelle, 463 U.S. 880, 892 (1983) (quoting Stewart v. Beto, 454 F.2d 268, 270, n. 2 (5th Cir.1971), cert. denied, 406 U.S. 925 (1972)). Accordingly, we affirm the district court's denial of certificate of probable cause.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 See Hudson v. Crouse, 420 F.2d 416, 419 (10th Cir.1970) (held that inmate who failed to appeal Kansas district court denial of a Kan.Stat.Ann. Sec. 60-1507 petition had not exhausted state remedies because further redress was available at the state level pursuant to section 60-1507). Although the Kansas district court is not required to entertain successive motions for post-conviction relief, Kan.Stat.Ann. Sec. 60-1507(c), it may do so if "the errors affect constitutional rights and there are exceptional circumstances which justify entertaining a second or successive motion." Dunlap v. State, 559 P.2d 788, 790 (Kan.1977). We express no opinion on whether petitioner's claim presents such circumstances