**Nelson SINCLAIR, Petitioner–Appellant,**

v.

**Gary L. HENMAN, Warden, Leavenworth Federal Prison, and United States Parole Commission, Respondents–Appellees.**

No. 92–3172.

United States Court of Appeals, Tenth Circuit.

Feb. 19, 1993.

Submitted on the briefs: *

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

Michael Gordon Katz, Federal Public Defender, Vicki Mandell–King, Asst. Federal Public Defender, Denver, CO, for petitioner.

Lee Thompson, U.S. Atty., D. Brad Bailey, Asst. U.S. Atty., Topeka, KS, Michael A. Stover, Gen. Counsel, and Rockne Chickinell, Deputy Gen. Counsel, U.S. Parole Com'n, Chevy Chase, MD, for respondents.

Before BALDOCK and KELLY, Circuit Judges, and OWEN,** District Judge.

BALDOCK, Circuit Judge.

 Petitioner Nelson Sinclair appeals the district court's denial of his pro se habeas corpus petition. 28 U.S.C. § 2241. Petitioner claims that the United States Parole Commission wrongfully denied him credit on his sentence following his arrest on a parole violator warrant, denied him a timely parole revocation hearing, and denied him the proper amount of good time credits. The district court reached the merits in denying the petition and denied Petitioner leave to proceed in forma pauperis in this court. We have jurisdiction under 28 U.S.C. § 1291 and grant Petitioner leave to proceed in forma pauperis. Our review of a district court's denial of a petition for writ of habeas corpus is de novo. *Monk v. Zelez*, 901 F.2d 885, 888 (1990).

In March 1981, Petitioner was paroled after serving five years of a twelve-year federal prison term. In December 1981, Petitioner violated his parole by using illegal drugs and by failing to notify his parole officer of an address change. On January 4, 1982, the United States Parole Commission issued a parole violator warrant for the December 1981 parole violations with instructions not to serve the warrant if Petitioner was in federal or state custody. From February to June of 1982, Petitioner participated in several bank and savings and loan robberies, and on June 18, 1982, California state authorities arrested Petitioner for these robberies and kept him in custody. On June 25, 1982, the United

States Marshal's Service served Petitioner, who was in state custody, with the January 4, 1982 parole violator warrant and transferred him to federal custody. Petitioner was convicted in a California federal district court on the robbery charges, and on October 6, 1982, the court sentenced him to twenty years in a federal prison and five years probation.

Because an unidentified party altered the service documents of the January 4, 1982 warrant,[1] the Parole Commission was unaware that Petitioner had been served with the warrant on June 25, 1982. This lack of awareness kept the Parole Commission from either withdrawing the warrant or holding a parole revocation hearing. A parole revocation hearing is required within sixty days after valid execution of a parole violator warrant. *See* Parole Commission and Reorganization Act of 1976, Pub.L. No. 94–233 § 2, 90 Stat. 219, 228 (formerly codified at 18 U.S.C. § 4214) (repealed 1986).

Although the Parole Commission never withdrew the January 4, 1982 warrant, it issued a new parole violator warrant on September 9, 1983, as a detainer to follow Petitioner's October 6, 1982 robbery sentence. On May 27, 1987, after execution of the September 9, 1983 warrant, the Parole Commission held a parole revocation hearing and revoked Petitioner's parole from his prior sentence. At the hearing, the Parole Commission gave Petitioner no credit on the initial twelve-year sentence for the time spent on parole and notified him that the unexpired seven-year portion of his original sentence would commence upon the expiration of his October 6, 1982 robbery sentence.

Petitioner asserts that the Parole Commission unlawfully denied him a prompt parole revocation hearing after service of the January 4, 1982 warrant. Petitioner further asserts that denial of this hearing denied him the opportunity to serve the unexpired seven-year portion of his original

---

** The Honorable Richard Owen, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. While we do not condone the alteration of warrant service documents, this alteration is irrelevant to the disposition of this case.

sentence concurrently with his October 6, 1982 robbery sentence.[2]

■ Whether or not the Parole Commission unlawfully denied Petitioner a revocation hearing after service of the January 4, 1982 parole violator warrant turns on whether the June 25, 1982 execution of the warrant was valid. In order for the execution to be valid, the Marshal's Service must have executed the warrant according to Parole Commission instructions. If the execution was valid, the Parole Commission had a legal obligation to hold a parole revocation hearing within sixty days of service. *Still v. United States Marshal,* 780 F.2d 848, 851–52 (10th Cir.1985). If the execution was invalid because the Marshal's Service did not follow the instructions of the United States Parole Commission, a parole revocation hearing was not required. *McConnell v. Martin,* 896 F.2d 441, 446 (10th Cir.), *cert. denied,* 498 U.S. 861, 111 S.Ct. 167, 112 L.Ed.2d 131 (1990). The outcome of this case is controlled by *McConnell.*

■ In *McConnell,* the Marshal's Service executed a parole violator warrant on an individual who was in federal custody for possession of narcotics and firearms violations. *Id.* at 442. The back of the warrant instructed the Marshal's Service as follows: "NOTE: Do not execute this warrant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission." *Id.* at 442–43. Accompanying the warrant was an instruction letter which stated: "[If t]he parolee is awaiting trial or sentencing on new charges: place a detainer and assume custody when released." *Id.* at 443. Contrary to the instructions of the Parole Commission, the Marshal's Ser-

vice served McConnell with the parole violator warrant even though he was already in federal custody. Within sixty days of service, the Parole Commission withdrew the warrant and issued a new one as a detainer. In *McConnell,* we held that because the Marshal's Service failed to follow the Parole Commission's instructions by executing the warrant when the parolee was already in federal custody on other charges, "the parole violator warrant … was never validly executed, [and] the Commission had the authority to withdraw it." *Id.* at 446. Although this language and the facts in *McConnell* might suggest that the only way the Parole Commission can legally avoid holding a parole violator hearing within sixty days of valid or invalid service is to withdraw the warrant within the sixty-day period, we do not read *McConnell* so narrowly. We interpret *McConnell* as holding that execution of a parole violator warrant is invalid when it is executed contrary to Parole Commission instructions. Therefore, it is not necessary that the Parole Commission hold a parole violator hearing for an invalidly executed warrant, even if the Parole Commission never withdraws the warrant.

■ In Petitioner's case, the district court found that the Marshal's Service executed the warrant contrary to Parole Commission instructions, making the execution invalid; and therefore, Petitioner had no right to a parole revocation hearing within sixty days of service. The record includes an instruction letter addressed to the United States Marshal's Service from the Parole Commission, which was attached to the January 4, 1982 warrant when it was sent to the Marshal's Service.[3] This letter is

---

**2.** Delaying disposition of the parole revocation hearing is often to the parolee's disadvantage. *Still v. United States Marshal,* 780 F.2d 848, 852 (10th Cir.1985). "By conducting a parole revocation hearing early in the new sentence, the Commission retains the option to run the original sentence concurrent with the new sentence and the parolee is spared the unnecessary complications of an unresolved parole detainer pending throughout the service of his new sentence." *Id.* at 853 (citing S.Rep. No. 369, 94th Cong., 2d Sess. 17–18, *reprinted in* 1976 U.S.C.C.A.N. 335, 339).

**3.** Petitioner asserts that the letter was not attached to the warrant but instead was received by the Marshal's Service on November 1, 1982, more than four months after the January 4, 1982 warrant was served on June 25, 1982. We disagree. Petitioner contends that the United States Parole Commission sent a backdated instruction letter, which the Marshal's Service received on November 1, 1982, in an attempt to fit Petitioner's situation into the facts of *McConnell.* Petitioner's assertion is based upon a file stamp on the letter. The file stamp clearly

dated January 4, 1982, the same day as the warrant, and instructs the Marshal's Service as follows: "NOTE: if the parolee is already in the custody of federal or state authorities, *do not execute this warrant.* Place a detainer and notify the Commission for further instructions." When the Marshal's Service served the warrant on June 25, 1982, Petitioner was in California state custody under a robbery indictment. Therefore, the Marshal's Service acted contrary to the Parole Commission's express instructions by serving the warrant when Petitioner was "already in the custody of ... state authorities," making execution of the warrant invalid and eliminating the requirement for a parole violator hearing within sixty days.[4] Petitioner's request to proceed in forma pauperis is GRANTED, and the judgment of the district court is AFFIRMED.

marks the letter as received on November 1, 1982, but it is difficult to determine from copies of the letter which government entity received the letter on that date. Although it is difficult to read the file stamp on copies of the letter, which is probably all that Petitioner was given to examine, the trial court had before it the original letter. From close inspection of the original, it is clear that the instruction letter was received on November 1, 1982, by the United States Parole Commission's San Francisco office and not by the Marshal's Service as Petitioner asserts.

4. In light of our holding, Petitioner's remaining claim regarding entitlement to good time credits for concurrent service of his parole violation sentence is necessarily defeated.