25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby Joe BOYD, Petitioner-Appellant,
v.
T.R. KINDT; U.S. Parole Commission, Respondents-Appellees.
 No. 93-6364.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Bobby Joe Boyd brought this habeas corpus action pursuant to 28 U.S.C. 2241 contending that he is illegally confined because the Parole Commission erred in determining his parole eligibility and denying his request for parole. We have jurisdiction under 28 U.S.C. 1291.
 
 
 4
 The facts surrounding petitioner's present confinement are fully discussed in the magistrate judge's June 21, 1993 report and recommendation, and we discuss only the most relevant here. In January 1991, the trial court revoked petitioner's probation, and he was ordered to begin service of his ten-year sentence. He had recently been arrested by the State of Missouri for assault involving possession of a shotgun, but this arrest did not form the basis for the court's decision to revoke probation and resentence him. Petitioner subsequently applied for parole. In computing the time to be served before release on parole, the Commission rated petitioner's offense behavior as Category One, for which the guideline for time served ranges from eight to twelve months. However, the Commission found that exceeding the guidelines was warranted due to the shotgun-related charge, even though the state had declined prosecution. As a result, the Commission established the time to be served before parole at forty-eight months and denied petitioner's request for parole.
 
 
 5
 The magistrate judge concluded that petitioner was not being illegally confined and recommended that his petition be denied. After considering and addressing petitioner's objections to the magistrate judge's report and conducting a de novo review, the district court agreed with the magistrate judge and denied the petition. On appeal, petitioner contends that the parole commission exceeded its jurisdiction by expanding the sentence imposed on him by the trial judge, denied him due process, and improperly rated his offense behavior in exceeding the guideline range for determining his parole eligibility.
 
 
 6
 We review a denial of a petition for habeas corpus de novo. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993). We have reviewed the record and have fully considered petitioner's contentions, and we find them without merit. For substantially the same reasons as stated in the district court's order and the magistrate judge's report, we affirm the district court's denial of the petition.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470