35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Dee THOMAS, Petitioner-Appellant,
v.
UTAH STATE BOARD OF PARDONS, Tamara Holden, Pete Haun,
Michael R. Sibbett, Victoria J. Palacios, Heather
N. Cooke, Paul Boyden, Donald Blanchard,
Paul Larson, Respondents-Appellees.
 No. 93-4144.
 United States Court of Appeals, Tenth Circuit.
 Sept. 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Richard Dee Thomas appeals from the dismissal of his 28 U.S.C. 2254 habeas corpus petition. The district court adopted a magistrate judge's recommendation for dismissal on the grounds petitioner had procedurally defaulted upon his claim in state court. We agree and affirm.
 
 
 3
 Petitioner pled guilty to a felony and was sentenced to the state penitentiary. Thereafter, he filed a state habeas petition which was dismissed by the state trial court. Petitioner filed no timely notice of appeal as required by Utah law, but instead corresponded with another judge of the same court complaining the habeas judge had improperly dismissed the petition. That judge responded informing petitioner his only avenue of review was through the process of appeal. This reply prompted petitioner to write another letter to the Chief Justice of the Utah Supreme Court, once again complaining the state habeas judge did not properly conduct the state proceedings.
 
 
 4
 The Clerk of the Utah Supreme Court replied and informed petitioner he must file an immediate notice of appeal in the state trial court. Petitioner ultimately filed the notice approximately six weeks later, but his subsequent appeal was dismissed as untimely in the Utah Court of Appeals because Rule 4 of the Utah Rules of Appellate Procedure requires the filing of the notice of appeal within thirty days of the entry of judgment.
 
 
 5
 The magistrate judge determined this failure invoked the doctrine established in Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2554 (1991). He consequently recommended, and the district court agreed, the petition had to be dismissed.
 
 
 6
 We review de novo the denial of habeas relief. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114. S.Ct. 129 (1993). On such a review, we do not address issues that have been defaulted in state court on an independent and adequate state ground unless cause and prejudice or a fundamental miscarriage of justice is shown. Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993). Untimely filing of a jurisdictional pleading is such an independent and adequate state ground. Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992).
 
 
 7
 Petitioner cannot successfully urge the "cause and prejudice" exception to procedural default. Cause must be something external and not attributable to petitioner. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991). Petitioner's pro se status does not excuse his failure to comply with jurisdictional requirements nor does it render what occurred fundamentally unjust. Petitioner's letters to judges simply do not even marginally comply with the requirement to file a notice of appeal. We must, therefore, conclude the district court did not err.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470