41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Wesley HILL, Petitioner-Appellant,
v.
Ron CHAMPION and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-5153.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the district court's denial of federal habeas relief, 28 U.S.C. 2254, from his two Oklahoma rape convictions. The first issue presented is whether this court has appellate jurisdiction. On April 14, 1993, the district court entered its order denying habeas relief on three of petitioner's grounds for relief, but remanding to the state trial court for resentencing based on petitioner's first ground. The district court directed that
 
 
 3
 the case [be] REMANDED to the trial court for resentencing, taking into account time already served. The resentencing should take place no longer than 90 days from the date of this Order. Upon failing to so act, Hill shall be released and the sentence deemed served in toto. In addition, once the trial court acts, Respondents shall immediately notify this Court.
 
 
 4
 Appellant's App. at 50. The district court's docket entry of that order further indicated that once the state court had acted, respondents were immediately to notify the district court, terminating the case. Id. at 68.
 
 
 5
 The language in the district court's order makes clear that the court intended to retain jurisdiction over the case and did not deem its decision to be final and appealable. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 273-74 (1991)(judge must clearly declare his intention that decision is final and, thus, appealable). The state court resentenced petitioner on May 24, 1993, but respondents did not, as directed, immediately notify the district court. Petitioner filed a notice of appeal with the district court on June 22, 1993.
 
 
 6
 Six days later, on June 28, the district court noted that it had received notice from respondents of the resentencing. According to the terms of the district court's order and its docket entry, that notice terminated the case and began the running of the time for filing a notice of appeal. Petitioner's June 22 notice of appeal was thus premature. Nonetheless, that notice ripened upon the district court's receipt of respondents' notice of resentencing. Cf. id. at 272-75 (relying on Fed. R.App. P. 4(a)(2), Court held that notice of appeal filed after announcement of final decision, but before entry of judgment, ripened into effective notice after entry of judgment).
 
 
 7
 Moreover, petitioner filed a docketing statement on July 7, 1993, within 30 days of the date that the district court's order became final. This docketing statement, in combination with the premature notice of appeal already filed, served as the functional equivalent of a timely notice of appeal sufficient to vest this court with appellate jurisdiction. See Smith v. Barry, 112 S.Ct. 678, 680-82 (1992) (appellate brief filed within time required for timely notice of appeal qualifies as functional equivalent of notice of appeal); Ayala v. United States, 980 F.2d 1342, 1344 (10th Cir.1992) (docketing statement listing names of all appellants, filed within time required for notice of appeal, cures defective notice of appeal which fails to list all parties, combining to provide functional equivalent of proper notice of appeal). We therefore have jurisdiction to consider the merits of petitioner's appeal.
 
 
 8
 In his first ground for relief, petitioner contends that he was denied a fair and impartial trial because the jury, in sentencing him, improperly considered statements made in a newspaper article concerning the effect of parole on sentences in general. The jury sentenced petitioner to a twenty-five-year term of imprisonment on each of the two rape convictions, to be served consecutively. In addition, the jury imposed consecutive eighteen-year sentences for each of the nine accompanying sodomy convictions, for a total sentence of 212 years.
 
 
 9
 The trial judge subsequently determined that the newspaper article, indicating that inmates ordinarily serve one-tenth of their sentence before they are paroled, improperly influenced the jury's sentence. In order to correct any improper influence on the jury, the trial judge modified the sentence by retaining the two consecutive twenty-five-year terms of imprisonment on the rape convictions, and running the nine eighteen-year sodomy sentences concurrently with each other but still consecutively with the rape sentences. The trial court, therefore, imposed a total sentence of sixty-eight years. On direct appeal, the Oklahoma Court of Criminal Appeals reversed petitioner's nine sodomy convictions, leaving petitioner with two consecutive twenty-five-year terms for the rape convictions.
 
 
 10
 The federal habeas court agreed with the state trial court that the newspaper article had improperly influenced the jury and concluded that, while the state court's sentence modification might have resolved that problem, the subsequent reversal of the nine sodomy counts again clouded the sentencing picture. Because the nine sodomy convictions may have influenced the trial court's exercise of its discretion in imposing sentence, the district court held that "it is unclear as to how the trial judge would have adjusted the sentence if the Petitioner had not been convicted of the nine [sodomy] counts. Therefore, this Court orders the case be remanded to the state trial court for resentencing." Appellant's App. at 48.
 
 
 11
 Upon remand, the state trial court indicated that it would not have imposed any different sentences on petitioner for the two rape convictions had there not been, at the time, any accompanying sodomy convictions. In reaching this conclusion, the state trial court set forth in detail its reasons for imposing that sentence and explained why it deemed the two consecutive twenty-five-year prison terms still to be appropriate. Contrary to petitioner's argument on appeal, therefore, the state trial court did not disregard the district court's order, but instead strictly followed that court's remand instructions.
 
 
 12
 In his remaining grounds for habeas relief, petitioner asserts that he was deprived of a fair trial due to the jury's consideration of improper testimony from the social worker who had investigated the victim's charges, defendant's own testimony of his prior arrest for rape, and the prosecutor's prejudicial remark to the jury, as well as the trial court's refusal to allow petitioner's counsel to question the victim concerning whether she had ever made allegations of sexual abuse against her natural father. Reviewing these claims de novo, see Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993), we cannot conclude that petitioner received a fundamentally unfair trial. The district court's denial of habeas relief on these grounds was proper.
 
 
 13
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470