52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dan P. BLEA, Petitioner-Appellant,
v.
John THOMAS, Warden, Respondent-Appellee.
 No. 94-2157.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Dan P. Blea was convicted in a New Mexico state court in 1982 of first degree murder, aggravated assault and aggravated battery, and he is currently serving his sentence of life imprisonment plus six and one-half years. Mr. Blea appeals the district court's denial of his petition for a writ of habeas corpus pursuant 28 U.S.C. 2254.
 
 
 4
 On appeal, Mr. Blea raises three issues. First, he claims that his constitutional right to confront the state's key witness and to impeach her credibility was violated by the trial court's rulings restricting his cross-examination of her. In particular, he contends that he should have been allowed to question the witness concerning her involvement in an unrelated murder that occurred several years earlier, her husband's incarceration in the New Mexico penitentiary, and her past addiction to heroin. Second, he contends that an improper jury instruction on the elements of second degree murder violated his due process rights and subjected him to an ex post facto law. Third, he claims that his counsel was constitutionally ineffective for failing to object to the improper instruction.
 
 
 5
 Our review of the district court's denial of a habeas corpus petition is de novo. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993). We have fully considered Mr. Blea's arguments and reviewed the record. We conclude that the magistrate judge's proposed findings and recommended disposition, adopted in full by the district court, properly addressed Mr. Blea's arguments and correctly found them without merit. Therefore, for substantially the same reasons as stated by the district court, we affirm the denial of Mr. Blea's petition. (We do note that the court's harmless error analysis, an alternative basis for denying the petition, could be affected by the Supreme Court's recent decision in O'Neal v. McAninch, 115 S.Ct. 992 (1995). Because we agree with the district court there was no error, O'Neal does not affect this case.)
 
 
 6
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470