83 F.3d 432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Henry Lee MCCONE, Petitioner-Appellant,
v.
Judith UPHOFF, Wyoming Attorney General, Respondents-Appellees.
 No. 95-8017.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 ORDER AND JUDGMENT[1]
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Henry L. McCone appeals the district court's dismissal, without prejudice, of his habeas corpus petition, filed pursuant to 28 U.S.C. 2254. Our jurisdiction over this appeal arises from 28 U.S.C. 1291. We construe McCone's pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). In our examination of the district court's order, we review McCone's contentions of legal error de novo. See Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993).
 
 
 3
 After his conviction on four counts of terroristic threats, McCone filed a direct appeal with the Wyoming Supreme Court, raising eleven separate issues. That court affirmed the conviction in McCone v. State, 866 P.2d 740 (Wyo.1993). McCone filed a petition for rehearing, rearguing three of the issues raised on direct appeal. His petition was denied.
 
 
 4
 McCone filed three separate state post-conviction motions. The first motion alleged lack of evidence supporting his conviction. The second motion argued two of the issues raised on direct appeal. The last one, entitled "Consolidated Petition for Postconviction Relief and Habeas Corpus," raised nineteen issues, including the eleven issues raised on direct appeal. At the time McCone filed for habeas relief with the federal district court, his postconviction motion had not yet been decided.
 
 
 5
 McCone's federal habeas petition raises eighteen of the nineteen issues presented to the state court in his consolidated postconviction motion. The district court dismissed McCone's petition without prejudice because it concluded that McCone had not exhausted all of his claims, as required, and had not demonstrated futility or other circumstances excusing exhaustion. McCone timely appealed the district court's order.
 
 
 6
 One day after McCone's notice of appeal, the state court denied McCone's consolidated postconviction motion. McCone's briefs on appeal to this court allege that, because the state had not ruled on his postconviction motion in over a year, resort to state remedies is futile, and exhaustion should be excused. On appeal, appellee recognizes that the state court has denied postconviction relief, but contends that the state court's ruling was on procedural grounds and that McCone did not appeal the denial to the Wyoming Supreme Court and, therefore, argues that his claims remain unexhausted.
 
 
 7
 Because the state court ruled after the district court's dismissal in this case, we have no evidence in the record supporting or contradicting appellee's contentions. Further, we have no evidence demonstrating that petitioner's claims are now procedurally barred. See Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir.1988). Accordingly, we find that petitioner has not yet exhausted available state remedies and that the district court correctly dismissed his 2254 petition. See Hicks v. Roberts, No. 90-3292, 1991 WL 55459 (10th Cir. Apr. 12, 1991)(unpublished order and judgment). The judgment of the United States District Court for the District of Wyoming is AFFIRMED. The mandate shall issue forthwith.
 
 Entered for the Court
 Paul J. Kelly, Jr. Circuit Judge
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation