UNITED STATES COURT OF APPEALS

**Filed 6/25/96**

---

DANNY JOE JIMENEZ,

      Plaintiff-Appellant,

v.

JOHN THOMAS; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

      Defendants-Appellees.

No. 95-2141
(D.C. No. CIV-92-811-MV)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, BARRETT, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Danny Joe Jimenez seeks review of the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. He was convicted by a New Mexico state court of attempted criminal sexual penetration in the second degree. His appeal to the New Mexico Court of Appeals was denied, and the state Supreme Court denied his petition for certiorari. Petitioner filed a state habeas corpus petition, which was denied after a full hearing. The subsequent petition for certiorari to the New Mexico Supreme Court was also denied. Petitioner then filed a habeas corpus petition in federal district court. The district court denied his petition after de novo review of the magistrate judge's proposed findings and recommendation and petitioner's objections thereto. This appeal followed.

Our jurisdiction arises from 28 U.S.C. §§ 1291 and 2253.[1] In our examination of the district court's order, adopting the proposed findings and recommended disposition of the magistrate judge, we review petitioner's contentions of legal error de novo. See Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S. Ct. 129 (1993). State court factual findings are, with certain specified exceptions, presumed correct under 28 U.S.C. § 2254(d). See Hernandez v. New York, 500 U.S. 352, 366 (1991).

On appeal, petitioner contends that 1) there was insufficient evidence to support his conviction, 2) the victim's identification of him was tainted and unreliable, 3) he was coerced into waiving his right to a jury trial, and 4) his trial counsel was ineffective. After careful

---

[1] On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 became law. We assume, without deciding, that this Act, which substantially amends 28 U.S.C. §§ 2253 and 2254, does not apply to this appeal.

review of the record on appeal in light of the above standards, and after due consideration of the parties' briefs on appeal, we conclude that the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the magistrate judge's proposed findings and recommendation, adopted by the district court in its order dated May 8, 1995, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge