161 F.3d 18
 98 CJ C.A.R. 5045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Henry Lee McCONE, Petitioner-Appellant,
v.
WYOMING ATTORNEY GENERAL; Wyoming Department of Corrections
Director, in her official capacity, a/k/a Judy
Uphoff, Respondents-Appellees.
 No. 97-8104.
(D.C.No. 97-CV-9)
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1998.
 
 Before PORFILIO, KELLY, and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 PORFILIO
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Henry McCone was convicted of four counts of making terroristic threats in violation of Wyo.Stat.Ann. § 6-2-505. The Wyoming Supreme Court affirmed the convictions on direct appeal. See McCone v. State, 866 P.2d 740 (Wyo.1993). Petitioner then filed a petition for a writ of habeas corpus challenging his convictions pursuant to 28 U.S.C. § 2254 that was dismissed for failure to exhaust state remedies. See McCone v. Uphoff, No. 95-8017, 1996 WL 194850 (10th Cir. Apr.23, 1996) (unpublished). On January 14, 1997, petitioner filed the habeas petition that is the subject of this appeal. Without ordering a response from the state, the district court determined that petitioner had not shown he was entitled to relief, and it denied the petition. Petitioner filed a notice of appeal. The district court denied his requests to proceed on appeal in forma pauperis and for a certificate of appealability. Petitioner has renewed these requests in this court.
 
 
 4
 To be entitled to a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner seeks a certificate of appealability on the same eleven issues he raised in his petition in the district court, which are the same eleven issues that he raised in his unsuccessful direct appeal. See McCone, 866 P.2d at 743-44.[1] Indeed, the briefs he filed in the district court and on appeal appear to be his direct appeal brief prepared by counsel with a new signature page indicating that petitioner submitted the briefs pro se.
 
 
 5
 We have fully considered petitioner's arguments and reviewed the record, and we find his claims of error unpersuasive for substantially the same reasons as the district court stated in its order denying the petition. We conclude that he has not made a substantial showing of the denial of a constitutional right and that he is therefore not entitled to a certificate of appealability.
 
 
 6
 Petitioner's application for a certificate of appealability is DENIED, and the appeal is DISMISSED. Petitioner's request to proceed in forma pauperis is DENIED. All other outstanding motions are DENIED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3
 
 
 [1]
 The eleven issues on which McCone seeks review are as follows:
 I Whether Wyoming Statute § 6-2-205[sic] is unconstitutional because it is vague and overbroad. [The correct statute is § 6-2-505.] ... II Whether the Second Judicial District Court had jurisdiction and was proper venue.... III Whether Appellant was denied due process when witnesses identified his voice from unnecessarily suggestive procedures.... IV Whether Appellant was denied a fair trial when the trial court incorrectly instructed the jury on the law of the case.... V Whether the district court denied Appellant the right to a fair trial when it refused to instruct the jury on the lesser-included offense of threatening telephone calls.... VI Whether witness testimony concerning the credibility and truthfulness of the appellant was error per se.... VII Whether the prosecution violated Wyoming Rules of Evidence 401 and 403 by eliciting improper victim impact testimony at trial.... VIII Whether the trial court erred when it allowed evidence of Appellant's other bad acts under Wyoming Rules of Evidence 404(b).... IX Whether the trial court erred when it ruled that Officer Marti's report was inadmissible under W.R.E. 803(6), the business records exception to the hearsay rule.... X Whether Appellant was denied his right to a fair trial when the prosecutor made improper remarks in closing arguments.... XI Whether the evidence produced at trial was sufficient to prove beyond a reasonable doubt that Appellant committed terroristic threats.
 McCone, 866 P.2d at 743-44.