**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT JAMES WALTON,

Petitioner-Appellant,

v.

UNITED STATES MARSHALS
SERVICE; U.S. BOARD OF
PAROLE, Parole Commission;
CAROL PAVILACK GETTY,
Commissioner; PAGE TRUE, Warden,
USP Leavenworth,

Respondents-Appellees.

No. 98-3107
(D.C. No. 95-CV-3389)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Robert James Walton, appearing pro se, appeals the district court's order dismissing his 28 U.S.C. § 2241 habeas petition. We affirm.

Walton is currently an inmate in the United States Penitentiary in Leavenworth, Kansas. He was mandatorily released from incarceration in August 1991 after serving sentences for various crimes, including bank robbery. A parole violator warrant was issued by the Parole Commission on April 6, 1992, on the grounds that Walton was using illegal drugs. The warrant provided in part:

> Please assume custody as soon as possible or when located. NOTE: If the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.

Record, Doc. 10 at 2.

Walton was arrested in California on May 15, 1992, for suspicion of bank robbery. At a hearing before a California magistrate judge on May 21, Walton was advised that an arrest warrant for him had been issued by authorities in Arizona for suspicion of bank robbery. A U.S. Marshal represented at this hearing that Walton was in custody "on a federal parole warrant." On May 26, the magistrate agreed to hold Walton without bail pending a removal proceeding on the Arizona charges on the ground he was "a danger to the community." Walton was removed to Arizona where he was tried and convicted of bank

-2-

robbery. He was sentenced to 210 months' imprisonment. Neither the California nor the Arizona court held a revocation hearing on Walton's parole warrant.

On November 26, 1993, the Marshal's Service notified the Parole Commission it was holding Walton's unexecuted April 1992 violator warrant. The Commission instructed the Marshal's Service to return the warrant and identify Walton's institution of incarceration. Disregarding this instruction, the Marshal's Service executed the warrant one month later at the Tucson Federal Correctional Institution. On January 24, 1994, the Tucson institution notified the Commission that a parole violation detainer had been lodged against Walton, and the Commission issued a supplemental warrant application. The Commission held a dispositional review and decided to leave the detainer in effect.

Walton brought this action alleging (1) the Commission "lodged improper detainer after execution of parole violation warrant"; (2) the Commission violated his due process rights "by not holding prompt revocation hearing"; (3) the Commission's "de facto sentencing of Petitioner is a violation of the Constitution's Doctrine of the Separation of Powers"; and (4) the U.S. Marshal's Service "failed to execute process by not properly executing Petitioner's violator's warrant." In dismissing Walton's action, the district court found any execution was contrary to the instructions of the Commission and was thus invalid.

It is well settled that once a parole warrant has been validly executed, the Parole Commission has a legal obligation to hold a parole revocation hearing within sixty days of service. See Sinclair v. Henman, 986 F.2d 407, 409 (10th Cir. 1993). No revocation hearing is required, however, if the execution was itself invalid because the Marshal's Service failed to follow the Commission's instructions. See id. Whether a parole violator warrant was validly executed is a question of law we review de novo. See McConnell v. Martin, 896 F.2d 441, 445 (10th Cir. 1990).

Clearly, the Commission's instructions were not followed here. The Commission unambiguously directed the Marshal's Service not to execute the violator warrant if Walton was already in custody or if a separate criminal arrest warrant had been issued for him. Arizona authorities issued a criminal warrant for Walton on April 6, 1992. At the time of Walton's May 1992 hearings in California, a separate criminal arrest warrant existed and any purported execution was invalid. Likewise, in December 1993, the Commission specifically directed the Marshal's service to return the violator warrant unexecuted and inform the Commission where Walton was being held. In response, the Marshal's Service executed the warrant, without authorization. Because this execution was contrary to Commission instructions, it was also invalid and insufficient to trigger the sixty-day revocation hearing limitations period. See Sinclair, 986 F.2d at 409-10.

-4-

Although not entirely clear, it appears Walton challenges the validity of imposing a detainer on him for the duration of his Arizona incarceration. His argument is twofold: First, because the Commission "will not be in existence at the end of [his current] sentences," he will not receive a revocation hearing; and, second, he will not have the opportunity to serve both his violator term and his current term concurrently because any revocation hearing will not occur until after he has served his current Arizona sentence.

Walton's arguments are without merit. The violator warrant has not been, and in fact may never be, validly executed. Until that time, any determination as to his right to a revocation hearing and the timing of that hearing are premature. In addition, the decision to execute the violator warrant during Walton's current incarceration, or to file it as a detainer, is a decision within the province of the Commission. See 18 U.S.C. § 4214(b) and (c). As we noted in McConnell, "the Parole Commission alone has the power to choose whether to order that a parole violator warrant be executed or be filed as a detainer." 896 F.2d at 446. See also Barnard v. Henman, 89 F.3d 373, 377 n.8 (7th Cir. 1996) ("There is no dispute that the Commission can issue a warrant and place it as a detainer against the prisoner, waiting to execute it until the prisoner has completed service of his

sentence for the crime that he committed on parole.").

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge