**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY LEE MCCONE,

      Plaintiff - Appellant,

vs.

WYOMING ATTORNEY GENERAL;
JUDY UPHOFF,

      Defendants - Appellees.

No. 00-8086
(D.C. No. 99-CV-74-J)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Mr. McCone, a state inmate appearing pro se, brought this 42 U.S.C. §

1983 action against the Wyoming Attorney General and Judy Uphoff, Director of

the Department of Corrections, to expunge all crimes from his record and recover

ten million dollars in damages. R. doc. 1 (complaint). Mr. McCone was

convicted in state court of four counts of making terroristic threats in violation of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Wyo. Stat. § 6-2-505. McCone v. State, 866 P.2d 740, 743 (Wyo. 1993). His conviction was affirmed on direct appeal. Id. at 756. Mr. McCone then filed three post-conviction motions in state court, and two petitions for habeas corpus relief in federal district court, all of which were unsuccessful. McCone v. Uphoff, 83 F.3d 432, 1996 WL 194850 (10th Cir. April 23, 1996) (unpublished) (hereinafter McCone I); McCone v. Wyo. Att'y. Gen., 161 F.3d 18, 1998 WL 670210 (10th Cir. Sept. 22, 1998) (unpublished) (hereinafter McCone II). We affirmed the dismissal of the first petition, McCone I, 1996 WL 194850, at *1, and dismissed the second. McCone II, 1998 WL 670210, at *1. Mr. McCone then filed the instant § 1983 action in federal district court. R. doc. 1.

The district court concluded that judgment in Mr. McCone's favor would imply the invalidity of his conviction. R. doc. 13, at 3. The district court therefore dismissed the complaint because Mr. McCone did not show "that his conviction or sentence has either been reversed on direct appeal, expunged by executive order or declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus as required by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)." R. doc. 13, at 2. We review the district court's dismissal of Mr. McCone's complaint de novo. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir.1999). Having done so, we find no error in the district court's dismissal of the complaint, 28

U.S.C. § 1915(e)(2)(B)(ii), and further find that Mr. McCone's appeal is frivolous. § 1915(e)(2)(B)(i). Accordingly, we DENY leave to proceed in forma pauperis and DISMISS this appeal. §1915(e)(2)(B)(i) & (ii).   This dismissal counts as a "prior occasion" or "strike" for the purposes of the "three strikes" provision of the Prison Litigation Reform Act, as set forth in § 1915(g).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge